UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CV-80305-DIMITROULEAS/MATTHEWMAN

KENNETH WOLINER, M.D.,

    Plaintiff,

vs.

MARTHA SOFRONSKY, KRISTEN SUMMERS, LOUISE WILHITE ST. LAURENT, AND LUCY GEE,

    Defendants.

_____/



FILED by ___ D.C.

AUG 2 3 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER DENYING PLAINTIFF'S VERIFIED MOTION TO DISQUALIFY PHILIP WISEBERG, ESQUIRE, AND WILLIAMS, LEININGER, AND COSBY, P.A. [DE 31]

**THIS CAUSE** is before the Court upon Plaintiff, Kenneth Woliner, M.D.'s ("Plaintiff") Verified Motion to Disqualify Philip Wiseberg, Esquire, and Williams, Leininger, and Cosby, P.A. [DE 31]. Defendants, Kristen Summers, Louise Wilhite St. Laurent, and Lucy Gee ("Defendants") filed a Response in Opposition to Plaintiff's Verified Motion to Disqualify Philip Wiseberg, Esquire, and Williams, Leininger & Cosby, P.A. [DE 37]. Plaintiff filed a Reply. [DE 43]. This matter was referred to the undersigned by United States District Judge William P. Dimitrouleas for appropriate disposition. *See* DE 36. The Court held an evidentiary hearing on the Motion on August 17, 2018. The Court has carefully reviewed the pleadings, motions, exhibits, and other docket entries. The Court has also considered the parties' arguments and all applicable laws, rules, and case law. The matter is now ripe for review. For the reasons set forth below, Plaintiff's Motion to Disqualify Philip Wiseberg, Esq., and Williams, Leininger, &

Cosby, P.A., is denied.[1]

## I. BACKGROUND

Plaintiff filed the Complaint in this case in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida on February 2, 2018. *See* DE 1. The case was removed to the Southern District of Florida on March 9, 2018. [DE 1]. In the 34-page Complaint, Plaintiff alleges four causes of action against Defendants: Count I—Illegal Interception, Disclosure, and Use of Oral Communications; Count II—Violation of Civil Rights; Count III—Conspiracy to Violate Civil Rights; and Count IV—Intentional Infliction of Emotional Distress. [DE 1-2].[2] Plaintiff Woliner alleges that he has filed more than 100 complaints with the Florida Department of Health ("DOH") and has publicly criticized the DOH, in articles and speaking engagements. [DE 1-2, ¶ 16-20]. Plaintiff claims that as a result of his criticism of the DOH, he was retaliated against, unfairly prosecuted, and stripped of his medical license without due process and in violation of his First and Fourteenth Amendment rights. [DE 1-2, ¶ 70-73]. Defendants Summers, St. Laurent, and Gee are all employees of the Florida Department of Health, Division of Medical Quality Assurance. [DE 1-2, pg. 14].[3]

The Court will provide a brief summary of the underlying facts in dispute regarding the pending Motions, as alleged by Plaintiff. In 2011, Brian Yusem and Dr. Glenn Charles were

---

[1] "A United States Magistrate Judge has the authority to enter an order denying sanctions (as opposed to a report and recommendations)." *Jeudine v. City of Homestead, Florida*, No. 14-23896-CIV, 2016 WL 913261, at *1 (S.D. Fla. Mar. 9, 2016) (citing *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 683 n. 2 (S.D. Fla. 2012)). "An order on the disqualification of counsel is a non-case dispositive matter that may be handled by a magistrate judge as a pretrial duty under 28 U.S.C. § 636(b)(1)(A)." *Id.* (citing *Estate of Jones v. Beverly Health & Rehab. Servs., Inc.*, 68 F. Supp. 2d 1304 (N.D. Fla. 1999)).

[2] The Court notes that Plaintiff has filed a Motion for Leave to Amend his Complaint [DE 42], which Motion remains pending before the Court. Plaintiff has also filed a "Verified First Amended Complaint" [DE 44] which has not yet been authorized by the Court as of the date of this Order.

[3] Plaintiff has also sued Martha Sofronsky, who is the mother of a young woman who had been a patient of Plaintiff Dr. Woliner and who died, leading to the revocation of Plaintiff's medical license by the State of Florida Board of Medicine. Ms. Sofronsky is represented by separate defense counsel.

criminally prosecuted in the Fifteenth Judicial Circuit in and for Palm Beach County Florida. The matters were styled *State of Florida v. Brian Yusem,* Case no. 2011-CF-009110-AMB, and *State of Florida v. Glenn Charles,* Case No. 2011-CF-009110-BMB. [DE 37, pg. 1]. Brian Yusem was charged with (1) practice of medicine without a license; (2) unlicensed practice of health care profession; (3) conspiracy to commit practice of medicine without a license; and (4) conspiracy to commit unlicensed practice of health care profession. [DE 31, pg. 2, DE 31-1, pg. 2]. Dr. Glenn Charles was charged with conspiracy to commit practice of medicine without a license, and conspiracy to commit unlicensed practice of health care profession. *Id.* Mr. Philip Wiseberg, Esq., was an Assistant State Attorney at the Palm Beach State Attorney's Office between 2011 and 2013, and he prosecuted the cases against Mr. Yusem and Dr. Charles. [DE 37, pg. 2]. Plaintiff claims that he was the complainant and a key witness in the prosecutions of Mr. Yusem and Dr. Charles, and that he had several communications with Mr. Wiseberg during the prosecutions of Mr. Yusem and Dr. Charles. [DE 31, pg. 2]. Mr. Wiseberg left the State Attorney's Office on March 8, 2013, prior to the resolution of Mr. Yusem and Dr. Charles' cases, which resolved in April of 2013. [DE 37, pg. 2]. Mr. Wiseberg subsequently joined the firm of Williams, Leininger, and Cosby, P.A. in March of 2013. [DE 37, pg. 2]. Williams, Leininger, and Cosby, P.A. currently represent Defendants Kristen Summers, Louise Wilhite St. Laurent, and Lucy Gee in the instant matter.

On July 18, 2018, Plaintiff filed his Verified Omnibus Motion to Compel Defendants to Submit Philip Wiseberg to Appear for Deposition and Motion to Disqualify Philip Wiseberg, Esq. and Williams, Leininger, & Cosby, P.A. [DE 27]. The Court denied the Motion without prejudice due to Plaintiff's failure to comply with procedures set forth in the Court's Order

Setting Discovery Procedure [DE 18]. The Motion was denied without prejudice to Plaintiff's ability to file two separate motions seeking separate and distinct relief in compliance with the Court's Discovery Order. [DE 27, pg. 2]. On August 1, 2018, Plaintiff filed his Verified Motion to Compel Defendants to Submit Philip Wiseberg to Appear for Deposition [DE 30], Verified Motion to Disqualify Philip Wiseberg, Esquire, and Williams, Leininger, and Cosby, P.A. [DE 31], and his Motion for Protective Order Under Rule 26(c) for Discovery to be Stayed Until the Court Rules on Plaintiff's Motion to Disqualify [DE 32]. The Court temporarily stayed the deposition of Plaintiff scheduled for August 6, 2018, pending a ruling on Plaintiff's Motion to Disqualify Counsel [DE 35] and set an evidentiary hearing on the Motion to Disqualify [DE 31] for August 17, 2018. [DE 35, pg. 2]. The Court also scheduled a discovery hearing on Plaintiff's Motion to Compel Defendants to Submit Philip Wiseberg to Appear for Deposition [DE 30] for August 17, 2018, at the conclusion of the evidentiary hearing. [DE 35, pg. 3].

## II.   MOTION, RESPONSE, AND REPLY

### a. Motion to Disqualify

Plaintiff is moving for an order disqualifying Philip Wiseberg, Esq., and the law firm which employs him, Williams, Leininger, and Cosby, P.A., from representing Defendants Kristen Summers, Louise Wilhite St. Laurent, and Lucy Gee. [DE 31, pg. 2]. Plaintiff claims that his involvement as Complainant in the criminal cases against Mr. Yusem and Dr. Charles "caused backlash" for the DOH Defendants, and this backlash incited the DOH's retaliation against Plaintiff. [DE 31, pgs. 2-3]. Plaintiff argues that Mr. Wiseberg "had an attorney client relationship with the PBSAO" and was the lead prosecutor on the criminal cases against Mr. Yusem and Dr. Charles. [DE 31, pg. 5]. According to Plaintiff, the Yusem and Charles cases are

substantially related to the current litigation between Plaintiff Woliner and Defendants Summers, St. Laurent, and Gee, because both cases "involve complaints made by Plaintiff to the DOH about unlicensed activity." [DE 31, pgs. 5-6]. Plaintiff claims that the DOH's persistent inaction in response to unlicensed medical activity in Florida caused other agencies, like the Palm Beach State Attorney's Office, to step in and prosecute unlicensed medical activity. [DE 31, pg. 6]. Plaintiff contends that the DOH allegedly has a policy of not investigating or pursuing cases of unlicensed naturopathic activity. *Id.* Conversely, Plaintiff believes that the Palm Beach State Attorney's Office has a policy of rigorously prosecuting individuals who illegally practice medicine without a license, and argues that the DOH policy is "contrary to the PBSAO." *Id.* Therefore, based on these contentions, Plaintiff claims that Mr. Wiseberg and WLC's representation of Defendants, employees of the DOH, would "require Wiseberg to attack the work [that] he performed for his former client," because Mr. Wiseberg prosecuted Mr. Yusem and Dr. Charles for practicing medicine without a license. *Id.* Plaintiff argues that because the matters were substantially related, Mr. Wiseberg should have been timely screened from any participation in the matter and written notice should have been given to the State Attorney's Office pursuant to Florida Bar Rule 4-1.11. Plaintiff asserts that because Mr. Wiseberg was not timely screened from participation in this case, and because neither he nor WLC sought consent or waiver from the Palm Beach State Attorney's Office in order to represent Defendants, Mr. Wiseberg and WLC must be disqualified from representing the DOH Defendants in this matter. *Id.*

Additionally, in Plaintiff's Motion to Compel Defendants to Submit Philip Wiseberg to

Appear for Deposition [DE 30][4], Plaintiff alleges that Mr. Wiseberg is a material witness in this case because Mr. Wiseberg has specific personal knowledge of "conversations he has had with both Plaintiff and the DOH Defendants," and of the DOH's refusal "to investigate cases, cooperate with law enforcement and state attorney's offices, or discipline its health care practitioners." [DE 30, pg. 6]. Finally, Plaintiff claims that Mr. Wiseberg has specific personal knowledge of Defendant Gee's employees' "gossip" and "comments" made about Plaintiff, and knowledge of Ms. Gee's employees' frustration with his persistent muckraking activities, and the employees' specific threats to retaliate against Plaintiff." *Id.*

### b. **Response**

Defendants Summers, St. Laurent, and Gee filed a Response in opposition to Plaintiff's Motion to Disqualify. [DE 37]. Defendants state that they do not know Mr. Wiseberg, nor have they ever worked with Mr. Wiseberg. [DE 37, pg. 3, DE 37-1, DE 37-2, DE 37-3]. Defendants also state that Ms. Summers and Ms. St. Laurent were not employees at the DOH during the relevant time period of Mr. Yusem and Dr. Charles' prosecutions. [DE 37, pg. 3]. Defendants argue that the Florida Bar Rules on conflict demonstrate that the Rules do not apply to the facts of this case. Defendants suggest that Plaintiff brought this Motion solely to delay his deposition and "gain a tactical advantage," and the Motion should be denied because Plaintiff has failed to meet his burden to show that disqualification is appropriate. [DE 37, pg. 4].

First, Defendants contend that the criminal prosecutions of Mr. Yusem and Dr. Charles are not substantially related to the instant lawsuit and therefore, the requirements of Florida Bar

---

[4] The Court notes that it has considered this Motion to Disqualify according to the standard for *pro se* parties established by the Eleventh Circuit, which states that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998). Therefore it will consider Plaintiff's assertions made in his Motion to Compel [DE 30] in support of his Motion to Disqualify, as they were filed contemporaneously and concern similar facts in this case.

Rule 4-1.11 do not apply. Noting that the rationale behind this rule is that "an unfair advantage could accrue to the other client by reason of access to confidential information about the client's adversary obtained only through the lawyer's government service," Defendants assert that the rule is not applicable because Mr. Wiseberg has no confidential information regarding Plaintiff and/or this case. [DE 37, pg. 5]. Defendants argue that the criminal prosecutions and the instant lawsuit are not substantially related because the matters do not involve the same basic facts or the same or related parties, and because more than five years have passed since the prosecutions took place. [DE 37, pg. 6]. Therefore, there is no conflict and there is no need for informed consent pursuant to Florida Bar Rule 4-1.11(a). *Id.*

Next, Defendants state that there is no conflict of interest under Florida Bar Rule 4-1.9. [DE 37, pg. 8]. Because Mr. Wiseberg was an assistant state attorney, his client is the public, and not any one government agency. *Id.* Further, Defendants point out that the interests of Defendants are not materially adverse to the work done by Mr. Wiseberg at the State Attorney's Office in any way. [DE 37, pg. 9]. Defendants argue that there is no evidence to support Plaintiff's assertion that this case will "require Wiseberg to attack the work performed by his former client." *Id.* Defendants maintain that Mr. Wiseberg did not represent the state in any matter similar or substantially related to this case. *Id.* Defendants point to the fact that Plaintiff was not a party to the prosecutions of Mr. Yusem and Dr. Charles; the prosecutions of Mr. Yusem and Dr. Charles concerned vastly different legal issues; and the alleged retaliation against Plaintiff was never litigated during their prosecutions. *Id.*

Defendants next dispute Plaintiff's assertion that Mr. Wiseberg is a material witness in this case. Defendants claim that Mr. Wiseberg does not personally know Defendants Summers,

St. Laurent, or Gee, and has never spoken to them regarding Plaintiff. [DE 37, pg. 11]. They were not involved in the prosecution of Dr. Charles. *Id.* Defendants add that even if Mr. Wiseberg was a material witness in this case, it would not prevent WLC from representing Defendants. *Id.*

Finally, Defendants argue that disqualification of WLC would be "extremely burdensome" to Defendants Summers, St. Laurent, and Gee, because defense counsel is already familiar with the facts of the case, have spent significant time reviewing Plaintiff's voluminous discovery responses, and have prepared for Plaintiff's deposition. [DE 37, pg. 14]. Defendants claim that obtaining new counsel would be costly and could result in significant delay of the case. *Id.*

### c. Reply

In Plaintiff's Reply [DE 43], he reiterates his position that the policies of the Palm Beach State Attorney's Office and the Department of Health are incompatible because the PBSAO takes an "uncompromising stance toward unlicensed activity" in the community and "takes action when confronted with complaints," unlike the DOH. [DE 43, pg. 3]. On the contrary, according to Plaintiff, the DOH does not "investigate or prosecute unlicensed naturopaths" or "unlicensed internet pharmacies," verify the credentials of those who call themselves registered dieticians, or enforce the law regarding unlicensed activity. *Id.* Plaintiff argues that, presumably due to these conflicting policies, WLC should have immediately screened Mr. Wiseberg and provided written notice to the Palm Beach SAO to "ascertain compliance with the provisions of Florida Bar Rule 4-1.11." [DE 43, pg. 7].

## III. EVIDENTIARY HEARING

The undersigned held an evidentiary hearing on August 17, 2018. Plaintiff called himself and Defendant Lucy Gee as witnesses. Defendants called Mr. Philip Wiseberg as witness. At the evidentiary hearing, Plaintiff introduced five exhibits, and Defendants introduced one exhibit. *See* DE 53.

First, Plaintiff testified. He stated that Mr. Wiseberg never prosecuted him when he worked at the State Attorney's Office or represented him in any way. He stated that he did provide information for Mr. Yusem and Dr. Charles' prosecutions. He also stated that he made a public records request to the State Attorney's Office to determine whether the office waived any potential conflict in WLC's representation of Defendants Summers, St. Laurent, and Gee, and the SAO said there were no waivers. He testified that he asked the attorneys at WLC if Mr. Wiseberg would be screened off the case, and they said that Mr. Wiseberg would not be screened. Plaintiff added that he felt there was a conflict and that Mr. Wiseberg should have been screened off of this case.

Next, Plaintiff called Defendant Lucy Gee, who testified by telephone. Ms. Gee's testimony was limited to the statements she made in her affidavit, which was entered without objection from Defendants as Plaintiff's Exhibit 1. [DE 53-1]. In her affidavit, Ms. Gee stated that she is the Director of the Division of Medical Quality Assurance at the Florida Department of Health. [DE 53-1]. She stated that her duties do not include the supervision of the Prosecution Services Unit. *Id.* She also stated that she did not recall any involvement in the criminal prosecutions of Mr. Yusem and Dr. Charles. *Id.* Ms. Gee stated in her affidavit that she did not recall any proceedings by the DOH against Mr. Yusem and Dr. Charles, and any proceedings

would not be within the scope of her duties. *Id.* Finally, Ms. Gee stated that she does not know Philip Wiseberg and has never spoken to him. *Id.* During direct examination, Ms. Gee testified that, as part of her duties as Director of the Division of Medical Quality Assurance, she oversees the Investigative Services Unit, which is under the Bureau of Enforcement. She stated that the investigation of unlicensed activity would fall under the Bureau of Enforcement. However, she testified that prosecutions would fall under the Office of General Counsel, which she does not oversee. Upon cross examination, Ms. Gee testified that she had never met or spoken to Mr. Wiseberg, and that she knows no information about the prosecutions of Mr. Yusem and Dr. Charles. Plaintiff called no more witnesses.

The Court admitted several exhibits submitted by Plaintiff in addition to the affidavit of Ms. Gee. These exhibits consisted of a copy of two complaints Plaintiff made to the Department of Health against Brian P. Jakes [Plaintiff's Exhibit 3, DE 53-2]; information printed off of the website USHCGShots.com [Plaintiff's Exhibit 4, DE 53-3] which, according to Plaintiff, is an unlicensed internet pharmacy; online materials written about Mr. Yusem that Plaintiff alleges show that Mr. Yusem was illegally practicing medicine without a license; and documentation regarding the DOH's case against Dr. Charles. [Plaintiff's Exhibit 5, DE 53-4]; and an email from Lucy Gee to DOH employees regarding an article written about unlicensed pharmacies selling compounded drugs online. [Plaintiff's Exhibit 6, DE 53-5].

Defendants only called Mr. Philip Wiseberg to testify. Mr. Wiseberg testified that while he was an Assistant State Attorney, he prosecuted Mr. Yusem and Dr. Charles between 2011 and 2013, but he left the State Attorney's Office before the prosecutions concluded. He also testified that while at the State Attorney's Office, he represented the citizens of Palm Beach County, and

he did not represent complainants or the SAO. Mr. Wiseberg stated that he did have some contact with Plaintiff during the course of the two criminal prosecutions, including certain phone calls and emails, but he was not aware of any confidential information regarding Plaintiff. Mr. Wiseberg added that he has never had any contact with Defendant Gee. He testified that his current law firm has not assigned him to this case, and that he has completed no substantive work regarding this case. Finally, Mr. Wiseberg testified that he was not aware of any criticism of Plaintiff by the DOH Defendants and he was not aware of Plaintiff's allegation that Plaintiff was a muckraker. Upon cross examination, Mr. Wiseberg stated that he had taken several ethics courses at the State Attorney's Office and he did not feel it was necessary to be screened off of this case because Florida Bar Rule 4-1.11 does not apply.

The Court admitted the amended information against Mr. Yusem and Dr. Charles as Defendants' Exhibit 4. [DE 53-6].

## IV. DICUSSION AND ANALYSIS

"Disqualification of a party's chosen counsel is an extraordinary remedy not generally in the public interest—a remedy that should be employed only sparingly." *First Impressions Design & Mgmt. Inc. v. All That Style Interiors Inc.*, 122 F. Supp. 2d 1352, 1354-55 (S.D. Fla. 2000). "The party bringing the motion to disqualify bears the burden of proving grounds for disqualification." *Hermann v. GutterGuard, Inc.*, 199 F. App'x 745, 752 (11th Cir. 2006) (citing *In re Bellsouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003)). "Because a party is presumptively entitled to the counsel of his choice, that right may be overridden only if 'compelling reasons' exist." *Fenik v. One Water Place*, No. 3:06cv514/RV/EMT, 2007 WL 527997, at *4 (N.D. Fla., Feb. 14, 2007). "When a motion to disqualify is based on an allegation

of ethical violation, the court may not simply rely on a general inherent power to admit and suspend attorneys, without any limit on such power." *Suchite v. Kleppin*, 784 F. Supp. 2d 1343, 1344 (S.D. Fla. 2011) (internal quotations omitted).

Rather, "[t]he court must clearly identify a specific Rule of Professional Conduct which is applicable to the relevant jurisdiction and must conclude that the attorney violated that rule in order to disqualify the attorney." *Id.* "An order involving the disqualification of counsel must be tested against the standards imposed by the [Florida Bar] Rules of Professional Conduct." *Id.* at 1346 (citing *Estright v. Bay Point Improvement Ass'n, Inc.*, 921 So.2d 810, 811 (Fla. 1st DCA 2006); quoting *Morse v. Clark*, 890 So.2d 496, 497 (Fla. 5th DCA 2004)).

### a. Florida Bar Rule 4-1.11

The relevant Florida Bar Rule is Rule 4-1.11 which states:

**(a) Representation of Private Client by Former Public Officer or Employee.** A lawyer who has formerly served as a public officer or employee of the government:
    (1) is subject to rule 4-1.9(b) and (c); and
    (2) shall not otherwise represent a client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee, unless the appropriate government agency gives its informed consent, confirmed in writing, to the representation.
**(b) Representation by Another Member of the Firm.** When a lawyer is disqualified from representation under subdivision (a), no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter unless:
    (1) the disqualified lawyer is timely screened from any participation in the matter and is directly apportioned no part of the fee therefrom; and
    (2) written notice is promptly given to the appropriate government agency to enable it to ascertain compliance with the provisions of this rule.
**(c) Use of Confidential Government Information.** A lawyer having information that the lawyer knows is confidential government information about a person acquired when the lawyer was a public officer or employee may not represent a private client whose interests are adverse to that person in a matter in which the information could be used to the material disadvantage of that person. As used in this rule, the term "confidential government information" means information that has been obtained under governmental authority and which, at the time this rule is applied, the government is prohibited by law from disclosing to the public or has a legal privilege not to disclose and which is not otherwise available to the public. A firm with which that lawyer is associated may undertake or continue representation in the matter only if the disqualified lawyer is screened from any participation in the matter and is apportioned no part of the fee therefrom.
**(d) Limits on Participation of Public Officer or Employee.** A lawyer currently serving as a

    public officer or employee:
        (1) is subject to rules 4-1.7 and 4-1.9; and
        (2) shall not:
            (A) participate in a matter in which the lawyer participated personally and substantially while in private practice or nongovernmental employment, unless the appropriate government agency gives its informed consent; or
            (B) negotiate for private employment with any person who is involved as a party or as attorney for a party in a matter in which the lawyer is participating personally and substantially.
**(e) Matter Defined.** As used in this rule, the term "matter" includes:
        (1) any judicial or other proceeding, application, request for a ruling or other determination, contract, claim, controversy, investigation, charge, accusation, arrest, or other particular matter involving a specific party or parties; and
        (2) any other matter covered by the conflict of interest rules of the appropriate government agency.

Fla. Bar R. 4-1.11. One of the purposes of this rule is to prevent an unfair advantage from accruing "to the other client by reason of access to confidential information about the client's adversary obtained only through the lawyer's government service." *See* Comments to Florida Bar Rule 4-11.1. As stated, the rule applies if a lawyer is representing a client in connection with a matter in which the lawyer participated personally and substantially as a public officer or government employee. In determining whether two particular matters are the same, a lawyer should consider the extent to which the matters involve the same basic facts, the same or related parties, and the time elapsed. *See* Comments to Florida Bar Rule 4-11.1.

The Court finds that Rule 4-1.11 does not apply because the defense of the instant case is clearly and completely unrelated to the prosecution of Mr. Yusem and Dr. Charles. The circumstances of the criminal prosecution, specifically, allegations against Mr. Yusem and Dr. Charles for practicing medicine without a license, have very little, if anything, to do with the retaliation and tort claims brought by Plaintiff, except that the allegations constitute one of the hundreds of complaints that Plaintiff allegedly made to the DOH over the past several years. The prosecution took place more than five years ago. Plaintiff's allegations that the Department of

Health had a policy of not prosecuting complaints were not at issue in the prosecutions of Mr. Yusem and Dr. Charles. And while Plaintiff was a complainant in the State Attorney's prosecutions, Mr. Wiseberg did not represent Plaintiff at any point. Plaintiff had very few communications with Mr. Wiseberg during the prosecutions and none of them involved confidential information.

It is quite clear that the matters are not substantially related at all and in no way warrant disqualification under Rule 4-1.11(a). Further, there is no evidence to show that Mr. Wiseberg has any confidential information pertaining to the allegations in this case, to Plaintiff, or to the Department of Health Defendants. Because he has no confidential information, there is no possibility that he could use such information to the advantage of Defendants, or to the disadvantage of Plaintiff. Moreover, courts have declined to find conflict even when the matters are indeed substantially related, so long as the lawyer is not actively representing conflicting interests. *See Aldridge v. Sec'y, Dep't of Corr.*, No. 1:13-CV-206-MP-GRJ, 2016 WL 7480398, at *20 (N.D. Fla. Oct. 5, 2016), report and recommendation adopted sub nom. *Aldridge v. Crews*, No. 1:13-CV-00206-MP-GRJ, 2016 WL 7478978 (N.D. Fla. Dec. 29, 2016) (Denying an ineffective assistance of counsel claim based on, among other factors, "the mere fact that Ms. Sapp previously prosecuted Petitioner while she was an ASA"); *Endress v. Coe*, 433 So. 2d 1280, 1281 (Fla. Dist. Ct. App. 1983) (Quashing the trial court's disqualification of defense counsel in a criminal proceeding because defense counsel previously served as chief assistant state attorney of the office who filed charges against defendant). Clearly, the matters at issue in those cases are far less attenuated than the matters presented to the Court in the instant case. Mr. Wiseberg's past prosecutions of Mr. Yusem and Dr. Charles have no facts or parties in common with Plaintiff's

present lawsuit, and more than five years have passed since the prosecutions concluded. Therefore, the matters are not so substantially related to cause a conflict.

Plaintiff also argues that Mr. Wiseberg and WLC should be disqualified because Mr. Wiseberg must now represent interests which are adverse to his former client, the people of Palm Beach County. Plaintiff claims that the Palm Beach State Attorney's Office has a policy of vigorously prosecuting offenders who practice medicine without a license, but the Florida Department of Health, on the contrary, has a policy of ignoring and whitewashing complaints and purposely neglecting to prosecute them. According to Plaintiff, the fact that the PBSAO had a policy of pursuing these actions creates a conflict for Mr. Wiseberg, because he now represents Defendants employed at the Department of Health, who allegedly have the opposite policy. Thus, according to Plaintiff, he now must represent the opposite interests.

Mr. Wiseberg's prosecution of Mr. Yusem and Dr. Charles concerned whether or not Mr. Yusem and Dr. Charles committed a criminal act, and did not relate in any way to the policies of the DOH. Defendants' interest in this case is not materially adverse to the interests of Mr. Wiseberg's former client, the people of Palm Beach County. *See Bochese v. Town of Ponce Inlet*, 267 F. Supp. 2d 1240, 1246 (M.D. Fla. 2003). Finally, Mr. Wiseberg is not even assigned to this case and has done no substantive work on this case. After considering the record in this case and the testimony and evidence presented at the evidentiary hearing, it is clear that Plaintiff's contention that a conflict exists simply does not hold water.

b. **Whether Mr. Wiseberg is a Material Witness**

The Court will next consider Plaintiff's argument in his Motion to Disqualify [DE 31] and in his Motion to Compel Defendants to Submit Philip Wiseberg to Appear for Deposition

[DE 30] that Mr. Wiseberg is a material witness in this case. "When a party's attorney becomes an 'indispensable witness' or a 'central figure' in a case, it is appropriate for a court to disqualify the attorney." *Medina v. United Christian Evangelistic Ass'n*, No. 08-22111-CIV, 2010 WL 11504325, at *2 (S.D. Fla. Jan. 14, 2010) (quoting *Fleitman v. McPherson*, 691 So. 2d 37, 38 (Fla. Dist. Ct. App. 1997)). Plaintiff has failed to show that Mr. Wiseberg will become a material witness on behalf of Plaintiff in any way.

Plaintiff contends that Mr. Wiseberg has knowledge of conversations between Plaintiff and Defendants Summers, St. Laurent, and Gee; the Department of Health's refusal to investigate cases or cooperate with law enforcement and the State Attorney's Office; DOH employees' gossip about Plaintiff; Defendants Summers, St. Laurent, and Gees' frustration with Plaintiff's muckraking activities; and specific threats of retaliation made by DOH employees. However, Plaintiff has presented absolutely no proof to support this contention. In fact, Mr. Wiseberg testified at the evidentiary hearing that he has never had any contact with Defendant Gee, and that he was not aware of any criticism of Plaintiff by the DOH Defendants. He also stated that he was not aware of any allegation that Plaintiff was a muckraker. Even if Plaintiff could show that Mr. Wiseberg was a necessary witness, disqualification of WLC would still not be required. *See Id.* (Disqualification "is an extraordinary remedy to be resorted to only sparingly."); *See Bochese*, 267 F. Supp. at 1246 (Finding that even if the lawyers at issue were necessary witnesses, disqualification would work substantial hardship on the client because the lawyers were familiar with many of the issues raised in the case). In this case, Defendants would suffer substantial hardship if Defendant's counsel were disqualified.

It is clear from the record, and from the exhibits and testimony presented at the evidentiary

hearing, that Mr. Wiseberg is not privy to any confidential information concerning Plaintiff or this case. Plaintiff has not met his burden to show that Mr. Wiseberg is a material witness in this case and therefore Mr. Wiseberg and WLC should not be disqualified. *See Dude v. Congress Plaza, LLC,* No. 17-80522-CIV, 2017 WL 6492085 (S.D. Fla. Dec. 15, 2017).

## V. <u>Conclusion</u>

In light of the foregoing, Plaintiff has not met his burden of establishing that Philip Wiseberg and WLC should be disqualified. Plaintiff's Verified Motion to Disqualify Philip Wiseberg, Esquire, and Williams, Leininger, and Cosby, P.A. [DE 31] is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 23rd day of August, 2018.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE