UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CV-80305-DIMITROULEAS/MATTHEWMAN

KENNETH WOLINER, M.D.,

    Plaintiff,

vs.

MARTHA SOFRONSKY, KRISTEN SUMMERS, LOUISE WILHITE ST. LAURENT, AND LUCY GEE,

    Defendants.

_____/



FILED by ___ D.C.

AUG 2 3 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER DENYING PLAINTIFF'S VERIFIED MOTION TO COMPEL DEFENDANTS TO SUBMIT PHILIP WISEBERG TO APPEAR FOR DEPOSITION [DE 30]

**THIS CAUSE** is before the Court upon Plaintiff, Kenneth Woliner, M.D.'s ("Plaintiff") Verified Motion to Compel Defendants to Submit Philip Wiseberg to Appear for Deposition [DE 30]. Defendants, Kristen Summers, Louise Wilhite St. Laurent, and Lucy Gee ("Defendants") filed a Response in Opposition to Plaintiff's Motion to Compel the Deposition of Philip Wiseberg. [DE 38]. No Reply was filed. This matter was referred to the undersigned by United States District Judge William P. Dimitrouleas for appropriate disposition. *See* DE 17. On August 17, 2018, the Court held an evidentiary hearing on Plaintiff's Motion to Disqualify Philip Wiesberg, Esq. and Williams, Leininger, and Cosby, P.A. [DE 31] and subsequently held oral argument on Plaintiff's Motion to Compel the Deposition of Philip Wiseberg [DE 30]. The matter is now ripe for review.

### I.    BACKGROUND

Plaintiff filed the Complaint in this case in the Circuit Court of the Fifteenth Judicial

Circuit in and for Palm Beach County, Florida on February 2, 2018. *See* DE 1. The case was removed to the Southern District of Florida on March 9, 2018. [DE 1]. In the 34-page Complaint, Plaintiff alleges four causes of action against Defendants: Count I—Illegal Interception, Disclosure, and Use of Oral Communications; Count II—Violation of Civil Rights; Count III—Conspiracy to Violate Civil Rights; and Count IV—Intentional Infliction of Emotional Distress. [DE 1-2].[1] Plaintiff Woliner alleges that he has filed more than 100 complaints with the Florida Department of Health ("DOH") and has publicly criticized the DOH, in articles and speaking engagements. [DE 1-2, ¶ 16-20]. Plaintiff claims that as a result of his criticism of the DOH, he was retaliated against, unfairly prosecuted, and stripped of his medical license without due process and in violation of his First and Fourteenth Amendment rights. [DE 1-2, ¶ 70-73]. Defendants Summers, St. Laurent, and Gee are all employees of the Florida Department of Health, Division of Medical Quality Assurance. [DE 1-2, pg. 14].[2]

In 2011, Brian Yusem and Dr. Glenn Charles were criminally prosecuted in the Fifteenth Judicial Circuit in and for Palm Beach County Florida for unlicensed practice of medicine and conspiracy to commit the unlicensed practice of medicine. *See State of Florida v. Brian Yusem*, Case no. 2011-CF-009110-AMB; *State of Florida v. Glenn Charles,* Case No. 2011-CF-009110-BMB. [DE 30, pg. 2]. Plaintiff was the complainant in this case. Mr. Philip Wiseberg, Esq., was an Assistant State Attorney at the Palm Beach State Attorney's Office between 2011 and 2013, and he prosecuted the cases against Mr. Yusem and Dr. Charles. [DE

---

[1] The Court notes that Plaintiff has filed a Motion for Leave to Amend his Complaint [DE 42], which Motion remains pending before the Court. Plaintiff has also filed a "Verified First Amended Complaint" [DE 44] which has not yet been authorized by the Court as of the date of this Order.
[2] Plaintiff has also sued Martha Sofronsky, who is the mother of a young woman who had been a patient of Plaintiff Dr. Woliner and who died, leading to the revocation of Plaintiff's medical license by the State of Florida Board of Medicine. Ms. Sofronsky is represented by separate defense counsel.

30, pg. 3]. Mr. Wiseberg left the State Attorney's Office and subsequently joined the law firm of Williams, Leininger, and Cosby, P.A. in March of 2013. Williams, Leininger, and Cosby, P.A. currently represent Defendants Kristen Summers, Louise Wilhite St. Laurent, and Lucy Gee in the instant matter.

## II. <u>Motion and Response</u>

Plaintiff filed his Motion to Compel the deposition of Mr. Wiseberg on August 1, 2018. [DE 30]. In his Motion, Plaintiff states that he seeks to depose Mr. Wiseberg because Mr. Wiseberg has specific knowledge about the complaints that Plaintiff filed with the Department of Health and with the State Attorney's Office regarding Mr. Yusem and Dr. Charles; communications between Mr. Wiseberg and Plaintiff regarding the prosecution of Mr. Yusem and Dr. Charles; discussions between Mr. Wiseberg and DOH employees regarding Plaintiff, including "gossip" about Plaintiff; and knowledge of the DOH's "cooperation with law enforcement (or lack thereof)." [DE 30, pg. 4]. Plaintiff argues that through Defendants' selection of the law firm of Williams, Leininger, and Cosby, P.A. to represent them, Defendants now have access to the information that "Wiseberg could provide either side in this controversy." *Id.* Plaintiff further claims that Mr. Wiseberg is a material witness in this case because he has "specific personal knowledge" of the DOH's refusal "to investigate cases, cooperate with law enforcement and state attorney's offices, or discipline its health care practitioners." [DE 30, pg. 6]. Plaintiff also claims that Mr. Wiseberg has "specific personal knowledge" of Defendant Gee's employees' "gossip" and "comments" made about Plaintiff, the employees' frustration with Plaintiff's muckraking activities, and their "specific threats" to retaliate against Plaintiff. *Id.*

Defendants filed their Response on August, 9, 2018. [DE 38]. Defendants first reject

3

Plaintiff's contention that Mr. Wiseberg is a material witness to this matter as "speculative at best and without merit." [DE 38, pg. 2]. Defendants argue that Mr. Wiseberg's testimony would be irrelevant to Plaintiff's claims because Mr. Wiseberg does not know Defendants Summers, St. Laurent, or Gee, nor has he ever corresponded with them. [DE 38, pg. 5]. Defendants assert that the mere fact that Mr. Wiseberg spoke with various DOH employees does not make him a witness in this matter. *Id.* Further, Defendants state that Mr. Wiseberg has no specific knowledge of nor has had any interaction with Defendants, and therefore his testimony would be irrelevant to this case. *Id.* Defendants also argue that requiring Mr. Wiseberg's deposition would be unreasonable, unduly burdensome, and harassing. *Id.* Mr. Wiseberg's involvement is limited to the prosecution of two criminal cases where Plaintiff was the complainant in 2013, but Plaintiff has alleged that he made more than one hundred complaints to the DOH. *Id.* Therefore, according to Defendants, Mr. Wiseberg's deposition is unnecessary to support Plaintiff's claims or defenses in this matter. *Id.*

### III. LEGAL ANALYSIS

Federal Rule of Civil Procedure 26(b), which governs the scope of discovery, provides in pertinent part, that parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). When determining whether discovery is relevant and proportional, the Court must consider the "importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

While the Federal Rules do not explicitly prohibit the deposition of a party's attorney, federal courts have held that "depositions of attorneys inherently constitute an invitation to harass the attorney and parties, and to disrupt and delay the case." *W. Peninsular Title Co. v. Palm Beach Cty.*, 132 F.R.D. 301, 302 (S.D. Fla. 1990) (citing *N.F.A. Corp. v. Riverview Narrow Fabrics,* 117 F.R.D. 83, 85 (M.D.N.C. 1987); *In re Arthur Treacher's Franchisee Litigation,* 92 F.R.D. 429, 437-439 (E.D. Pa. 1981)). *Tillman v. Advanced Pub. Safety, Inc.,* No. 15-CV-81782, 2017 WL 679980, at *3 (S.D. Fla. Feb. 16, 2017); *Sun Capital Partners, Inc. v. Twin City Fire Ins. Co.,* 310 F.R.D. 523, 527 (S.D. Fla. 2015). The deposition of a party's attorney potentially adds costs to litigation, burdens attorneys, and threatens the attorney-client relationship. *W. Peninsular Title Co.,* 132 F.R.D. at 302 (citing *N.F.A. Corp.,* 117 F.R.D. at 85; *Shelton v. American Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir.1986)). Accordingly, the party seeking the deposition bears the burden of overcoming these presumptions and demonstrating the propriety and need for the deposition. *Id.* (citing *N.F.A. Corp.,* 117 F.R.D. at 85). The information sought must be relevant and its need must outweigh the potential harm of deposing a party's attorney. *Id.* (citing *Shelton,* 805 F.2d at 1327).

It is clear to this Court that Plaintiff has failed to overcome the presumptions against taking the deposition of a party's attorney and to show that Mr. Wiseberg's testimony would be proportional and relevant to the needs of this case. Even if Mr. Wiseberg were not an attorney with Williams, Leininger, and Cosby, P.A, his testimony would not be relevant or proportional to this case, pursuant to the requirements of Rule 26(b). The Court has balanced all of the factors at issue and finds that the deposition of Mr. Wiseberg would be irrelevant, disproportionate, harassing, and quite frankly, a complete waste of time. There is little, if any, connection between

Mr. Wiseberg's prosecutions of Mr. Yusem and Dr. Charles in 2013 and Plaintiffs' allegations against the Department of Health Defendants today. Plaintiff contends that Mr. Wiseberg has knowledge of conversations between Plaintiff and Defendants Summers, St. Laurent, and Gee; the Department of Health's refusal to investigate cases or cooperate with law enforcement and the State Attorney's Office; DOH employees' gossip about Plaintiff; Defendants Summers, St. Laurent, and Gees' frustration with Plaintiff's muckraking activities; and specific threats of retaliation made by DOH employees. However, Plaintiff has presented absolutely no proof to support this contention.

During the Court's evidentiary hearing on Plaintiff's Verified Motion to disqualify Philip Wiseberg, Esq. and Williams, Leininger, and Cosby, P.A. [DE 31], Mr. Wiseberg testified that he had never had any contact with Defendant Lucy Gee, and that he was not aware of any criticism of Plaintiff by the DOH Defendants. *See* DE 52. He also stated that he was not aware of any allegation that Plaintiff was a muckraker. It is clear from the record and arguments presented at the discovery hearing that Mr. Wiseberg is not privy to any confidential information concerning Plaintiff or this case. Requiring Mr. Wiseberg to submit to a deposition would be costly, unduly burdensome, and cause unnecessary delay in this case. Further, the information sought by Plaintiff is not relevant and the potential harm to Defendants outweighs any theoretical or possible benefit Plaintiff might obtain from taking Mr. Wiseberg's deposition.

## Conclusion

In light of the foregoing, Plaintiff has failed to meet his burden of establishing that the deposition of Philip Wiseberg would be relevant and proportional to the needs of this case, and Plaintiff's Verified Motion to Compel Defendants to Submit Philip Wiseberg to Appear for

Deposition [DE 30] is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 23rd day of August, 2018.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE