UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-80305-Dimitrouleas/Matthewman

KENNETH WOLINER, M.D.,

    Plaintiff,

v.

MARTHA SOFRONSKY, KRISTEN SUMMERS, LOUISE WILHITE ST. LAURENT, and LUCY GEE,

    Defendants.
_____/



## ORDER GRANTING DEFENDANT'S OBJECTION TO PLAINTIFF'S NOTICE OF PRODUCTION OF NON-PARTIES SERVED SEPTEMBER 30, 2018 OR IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER [DE 82]

**THIS CAUSE** is before the Court upon Defendants, Kristen Summers, Louise Wilhite St. Laurent, and Lucy Gee's Objection to Plaintiff's Notice of Production of Non-Parties, served September 30, 2018, or in the alternative, Motion for Protective Order [DE 82]. This matter was referred to the undersigned by United States District Judge William P. Dimitrouleas upon an Order referring all discovery to the undersigned for final disposition. *See* DE 17. *Pro Se* Plaintiff, Kenneth Woliner, has not filed a Response, and the time for filing any such Response has expired.

The Court has carefully reviewed Defendants' Motion [DE 82] and the attachments. The Motion was filed on October 5, 2018, and Plaintiff has filed no response. Plaintiff has therefore failed to timely respond to the Motion as required by the Court's Order Setting Discovery Procedure [DE 18] and Southern District of Florida Local Rule 7.1(c). According to Local Rule 7.1(c), failure to file a response "may be deemed sufficient cause for granting the

1

motion by default." S.D. Fla. L.R. 7.1(c). Accordingly, pursuant to Local Rule 7.1(c), Defendants' Motion is **GRANTED** by default due to Plaintiff's failure to respond. *See Arrington v. Hausman*, No. 15-62326-CIV-GAYLES, 2016 WL 782416, (S.D. Fla. Feb. 17, 2016).

The Court has additionally independently reviewed the Motion and finds that Defendants' Motion should also be granted on the merits. As asserted in Defendants' Motion, on the evening of September 30, 2018, Plaintiff sent a series of three emails to Defendants' counsel, each labeled as a request for production. [DE 82, pg. 1, ¶ 1]. However, the emails also referred to the non-party subpoena procedure under Federal Rule of Civil Procedure 45(a)(4). [DE 82, pg. 1, ¶ 2]. Plaintiff did not timely respond to a request for clarification from Defendants' counsel [DE 82, pg. 2, ¶ 2], just as he did not respond to the pending Motion.

The Court cannot determine whether Plaintiff has sent Requests for Production pursuant to Rule 34, or notice of a non-party subpoena per Rule 45. The three lengthy emails were sent by Plaintiff to Defendant within hours of each other on the afternoon and evening of Sunday, September 30, 2018. Although Plaintiff is *pro se* and this Court shows leniency to *pro se* Plaintiffs, the Court will not re-write Plaintiff's deficient discovery requests or attempt to interpret what Plaintiff intended in his deficient discovery email requests. *Lee v. Eleventh Judicial Circuit of Fla.*, 699 F. App'x 897, 898 (11th Cir. 2017). This is especially true when Plaintiff failed to timely respond to the reasonable request from Defendants' counsel for clarification, failed to respond to the Motion in a timely manner, and failed to comply with the Federal Rules of Civil Procedure and this Court's Order Setting Discovery Procedure [DE 18].

Additionally, as Defendants have pointed out, the requests are in large part vague,

confusing, overbroad, unduly burdensome, and irrelevant and disproportionate to this case.[1] Defendants properly seek a protective order under Rule 26(c) on the basis that the requests are overbroad and irrelevant. [DE 82, pg. 3]. The Court finds that Plaintiff's three emailed requests are, at least in part, frivolous and harassing in an apparent effort to cause unnecessary expense to Defendants. A review of the three emailed requests [DE 82-1, 82-2, 82-3] clearly reflects that they are improper, as stated above.

Federal Rule of Civil Procedure 26(b) defines the scope of discovery as "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." In light of Plaintiff's pending complaint [DE 1-2, pg. 13] and Defendants' Answers [DE 4, DE 5], the documents sought by Plaintiff exceed the scope of discovery under Rule 26(b)(1). In such a case, Rule 26(c)(1) provides that a party or any person may move for a protective order, and the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Defendants have established good cause for the entry of a protective order.

Accordingly, Defendants' Motion for Protective Order is **GRANTED**. To the extent that Plaintiff intended the three referenced emails to be requests for production under Rule 34, Defendants are not required to respond.[2] And further, to the extent that Plaintiff intended the three referenced emails to be notices of subpoenas under Rule 45, any resultant subpoenas are quashed

---

[1] For example, Plaintiff requests the complete personnel files (with redaction of personal identifiers) of 20 Florida Department of Health Employees [DE 82-1, pgs. 2-3]. Most of those employees are not Defendants in this case and have little relationship, if any, to the pending federal lawsuit. Plaintiff also seeks the personnel file of non-party Brynna Ross (with the redaction of personal identifiers) during her employment at the State Attorney's Office in the Second Judicial Circuit of Florida [DE 82-1, pg. 3]. Such personnel file has no relevance to this pending federal lawsuit. Plaintiff also seeks a vague list of fifty categories of documents [DE 82-2, pgs. 1-2], which are overbroad, mostly irrelevant, and disproportionate under Rule 26(b)(1).

[2] However, the parties are directed to forthwith personally confer by telephone in a good faith effort to agree on Defendants' production of any relevant and proportional documents in Defendants' possession, custody, or control so as to avoid the necessity of any further waste of judicial resources and attorney and litigant resources.

3

and shall be of no force and effect. Any party or non-party who receives a subpoena based upon the three emails referenced in this Order shall not be required to respond. The Court's granting of Defendants' Motion for Protective Order herein is without prejudice to Plaintiff's ability to issue a proper, clear and specific request for production under Rule 34 and Rule 26(b)(1), or to issue a proper subpoena to a non-party after full compliance with the requirements of Rule 45 and Rule 26(b)(1), in a timely manner in accordance with the Court's Scheduling Order [DE 8].

The Court will not permit any further delay or frustration of the discovery process in this case. In this regard, the Court notes that Federal Rule of Civil Procedure 1 provides that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Unfortunately, the discovery process in this case has been exactly the opposite of Rule 1's requirements. The addition of the term "and the parties" in the December 1, 2015 amendment to Rule 1 clearly places shared responsibility upon the parties and their counsel to employ the rules in the manner contemplated by Rule 1. *See* Fed. R. Civ. P. 1, Advisory Comm. Notes (2015 Amend.). "Effective advocacy is consistent with—and indeed depends upon—cooperative and proportional use of procedure." *Id.; Ability Hous., Inc. v. City of Jacksonville,* No. 3:15-CV-1380-J-32PDB, 2016 WL 7446407, at *1 (M.D. Fla. Apr. 8, 2016). The Court has seen absolutely no cooperation during the discovery process and therefore orders the parties to comply with all of their obligations under the Federal Rules of Civil Procedure and this Court's Order Setting Discovery Procedure. [DE 18].

4

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of October, 2018.

WILLIAM MATTHEWMAN
United States Magistrate Judge