UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-80305-Dimitrouleas/Matthewman

KENNETH WOLINER, M.D.,

    Plaintiff,

v.

MARTHA SOFRONSKY, KRISTEN
SUMMERS, LOUISE WILHITE ST.
LAURENT, and LUCY GEE,

    Defendants.
_____/



FILED by ___ D.C.

NOV 0 1 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

**ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER FROM
NON-PARTY SUBPOENA ISSUED TO THE DEPARTMENT OF HEALTH [DE 87]
AND DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S
CERTIFICATE OF NON-OBJECTION AS UNTIMELY [DE 86]**

**THIS CAUSE** is before the Court upon Defendants, Kristen Summers, Louise Wilhite St. Laurent, and Lucy Gee's Motion to Strike Plaintiff's Certificate of Non-Objection as Untimely [DE 86] and Defendants' Motion for Protective Order from Non-Party Subpoena issued to the Department of Health [DE 87]. These matters were referred to the undersigned by United States District Judge William P. Dimitrouleas upon an Order referring all discovery to the undersigned for final disposition. *See* DE 17. *Pro Se* Plaintiff, Kenneth Woliner, filed his Response to the Motion to Strike [DE 86] and the Motion for Protective Order [DE 87] on October 29, 2018. [DE 91].

**A. Procedural History**

On October 12, 2018, Plaintiff filed his Certificate of Non-Objection [DE 84], which

1

stated—and certified—that "no objections were filed to the Notice of Production from the Non-Party dated September 30, 2018." [DE 84]. Presumably, Plaintiff was referring to the series of emails he sent to Defendants on September 30, 2018. Defendants initially were confused as to whether Plaintiff's three emailed requests were issued by Plaintiff as a Request for Production to Defendants under Rule 34 or as a notice of non-party subpoena under Rule 45(a)(4) [DE 82, pgs. 1-2, ¶ 1 and 2] and have now apparently construed them to be a notice of production of a non-party subpoena. [DE 86, pg. 1, ¶ 1]. Defendants objected to those three email requests and filed a Motion for Protective Order on October 5, 2018, a week before Plaintiff filed his Certificate of Non-Objection.[1] [DE 82].

According to Defendants, the parties at some point conferred on a potential subpoena to the Department of Health. [DE 86, pg. 2, ¶ 3]. Plaintiff initially represented that he would only send a subpoena to the DOH for Defendants' employment files, and Defendants did not object. *Id.* After the Certificate was filed, defense counsel immediately requested a copy of the subpoena issued to the Department of Health by Defendant. [DE 86, pg. 2, ¶ 4]. Defendants assert that, upon review of the subpoena, they learned that there were eight additional requests included in the subpoena *duces tecum* which were never discussed by the parties. [DE 86, pg. 2, ¶ 4].

On October 16, 2018, Defendants filed their Motion to Strike Plaintiff's Certificate of Non-Objection as Untimely [DE 86]. In their Motion, they assert that they were not provided a

---

[1] On October 30, 2018, the Court granted Defendants' Motion [DE 92], stating: "[t]o the extent that Plaintiff intended the three referenced emails to be requests for production under Rule 34, Defendants are not required to respond. And further, to the extent that Plaintiff intended the three referenced emails to be notices of subpoenas under Rule 45, any resultant subpoenas are quashed and shall be of no force and effect. Any party or non-party who receives a subpoena based upon the three emails referenced in this Order shall not be required to respond. The Court's granting of Defendants' Motion for Protective Order herein is without prejudice to Plaintiff's ability to issue a proper, clear and specific request for production under Rule 34 and Rule 26(b)(1), or to issue a proper subpoena to a non-party after full compliance with the requirements of Rule 45 and Rule 26(b)(1), in a timely manner in accordance with the Court's Scheduling Order [DE 8]."

copy of the subpoena before it was issued, and that they would review the subpoena to determine if they would make an objection. On October 17, 2018, Defendants filed their Motion for Protective Order from Non-Party Subpoena issued to the Department of Health [DE 87]. In their Motion, Defendants object to Plaintiff's Requests for records relating to Plaintiff's allegation that the MP3 recording at issue in this case was a public record, which is the basis of Plaintiff's pending lawsuit in state court under the Public Records Act. [DE 87, pg. 2]. Defendants argue that the documents are not relevant to the claims in the instant case, and they are overbroad, irrelevant, and not proportional to the needs of the case. *Id.*

Plaintiff filed his Response to Defendants' Motion to Strike [DE 86] and Defendants' Motion for Protective Order [DE 87] on October 29, 2018. [DE 91].[2] In his Response, he argues that he properly noticed Defendants of this subpoena on several occasions. [DE 91, pg. 5]. He also claims that the requested evidence is relevant to "show that Defendants…recklessly or negligently, destroyed evidence." [DE 91, pg. 6]. Plaintiff states that he "seeks evidence relevant to show that Defendants, who the Court deems are prosecutors, recklessly or negligently, destroyed evidence."[3] [DE 91, pg. 6, ¶ 15].

### B. Analysis

The Court has carefully reviewed Defendants' Motions [DE 86, DE 87] and Plaintiff's

---

[2] The Court notes that pursuant to the Court's Order Setting Discovery Procedure [DE 18], of which Plaintiff is well aware, Plaintiff's Response to Defendant's Motion to Strike was due to be filed no later than October 23, 2018, and Plaintiff's Response to Defendants' Motion to Strike was due to be filed no later than October 24, 2018. Yet, Plaintiff's Response was not filed until October 29, 2018 and he has never sought leave of the Court for permission to file his late Response. This is not Plaintiff's first violation of the Court's Orders. *See, e.g.,* Order Denying Plaintiff's Motion to Compel without Prejudice [DE 28, pgs. 1-2]; Order Granting Defendants' Motion to Compel and for Protective Order and Granting Defendants' Motion for Extension of Time to Take Plaintiff's Deposition [DE 64, pg. 4, Section (b)]; Order Granting Defendants' Objection to Plaintiff's Notice of Production of Non-Parties served September 30, 2018 or in the Alternative, Motion for Protective Order [DE 92, pgs. 1-2]. Plaintiff has been repeatedly warned and ordered to comply with the Court's Orders and yet he continues to knowingly violate them. Plaintiff is yet again ordered to fully and completely comply with all Court Orders and Rules.

[3] Plaintiff cites a criminal case, *Jencks v. United States*, 353 U.S. 657 (1957), in support of this assertion.

Response [DE 91]. Defendants' Motion to Strike [DE 86] was filed on October 16, 2018, and their Motion for Protective Order [DE 87] was filed on October 17, 2018. As a threshold matter, and as noted in footnote 1, Plaintiff's Response was untimely pursuant to the express language of the Court's Order Setting Discovery Procedure [DE 18], which requires an opposing party to file a response to a pending motion within five business days of service of the discovery motion. [DE 18]. Plaintiff's Response to Defendants' Motion to Strike was due on Tuesday, October 23, 2018 and his Response to Defendants' Motion for Protective Order was due on Wednesday, October 24, 2018. Plaintiff filed his Response five days later, on Monday, October 29, 2018. [DE 91], without ever seeking leave of the Court. The Court recognizes that Plaintiff is *pro se* in this case and has considered the Response according to the standard for *pro se* parties established by the Eleventh Circuit, which states that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998). The less stringent standard does not give a *pro se* party the right to violate Court Orders or rules. The Court has sufficient basis to strike Plaintiff's late Response but declines to do so at this time. However, the Court has noted Plaintiff's prior violations and the fact that Plaintiff has been previously warned that he must comply with all applicable rules and court orders. *See* f.n. 1, *supra*. Plaintiff is warned once again that his repeated violations of Court Orders shall not be tolerated by this Court.

The Court has carefully reviewed the Motions, Plaintiff's Response, and the record in this case, and agrees with Defendants' position that the documents sought by Plaintiff in subsections F, G, H, and I of the subpoena *duces tecum* to the Department of Health appear to be largely irrelevant to this case. They also appear to be largely disproportionate under Rule 26(b)(1). It

appears that Plaintiff seeks, *inter alia,* "all documents" relating to the "April 29, 2013 MP3 Recording," the communication which "which Plaintiff claims was illegally recorded by Defendant Sofronsky, and illegally disclosed at his administrative hearing by St. Laurent and Summers." [DE 87, pg. 2, f.n. 1]. Plaintiff seeks numerous additional documents. Defendants properly seek a protective order under Rule 26(c) on the basis that the requests are overbroad, harassing, burdensome, and irrelevant. [DE 87, pg. 4]. The Court finds that Plaintiff's requests are, at least in part, frivolous and harassing in an apparent effort to cause unnecessary expense and burden to Defendants. The requests are also in large part vague, confusing, overbroad, unduly burdensome, irrelevant, and disproportionate to this case.

Federal Rule of Civil Procedure 26(b) defines the scope of discovery as "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." In light of Plaintiff's pending complaint [DE 1-2, pg. 13] and Defendants' Answers [DE 4, DE 5], the documents sought by Plaintiff exceed the scope of discovery under Rule 26(b)(1). In such a case, Rule 26(c)(1) provides that a party or any person may move for a protective order, and the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Defendants have established good cause for the entry of a protective order. Plaintiff's argument that the Court has supposedly deemed the Defendants as prosecutors who must adhere to a criminal law standard [DE 91, pg. 6, ¶ 15] is frivolous.

Accordingly, Defendants' Motion for Protective Order [DE 87] is **GRANTED**. The Court's granting of Defendants' Motion for Protective Order herein is without prejudice to Plaintiff's ability to issue a proper subpoena to a non-party which fully complies with (1) the

requirements of Rule 45 including the requirement of proper notice to Defendants in accordance with that rule; (2) the relevancy and proportionality requirements of Rule 26(b)(1); (3) the cooperation and conferral requirements of the Federal Rules of Civil Procedure and this Court's Order Setting Discovery Procedure [DE 18]; and (4) the deadlines set forth in the Court's Scheduling Order [DE 8].[4]

As to Plaintiff's Certificate of Non-Objection [DE 84] dated October 12, 2018, the Court finds it to be inaccurate and misleading to this Court. This is so for several reasons. First, on October 5, 2018, seven days *before* Plaintiff filed his Certificate of Non-Objection, Defendants filed objections to the September 30, 2018 emails sent by Plaintiff [DE 82]. Second, Defendants did object to Plaintiff's emails in email correspondence dated October 1, 2018 [DE 91-1, pg. 10], *before* Plaintiff filed his certificate of non-objection. Third, Defendant sent an email to Plaintiff on October 9, 2018, agreeing to Plaintiff's sending a subpoena to the Department of Health "in order to obtain the personnel files of Ms. Summers, Ms. St. Laurent, and Ms. Gee" [DE 91-1, pg. 35], and not for the entirety of the documents sought by Plaintiff in his subpoena. In truth, Defendants did have objections to many of the documents sought by Plaintiff, even though Defendants did not object to Plaintiff serving a subpoena upon the Department of Health for the personnel files of Defendants Summers, St. Laurent, and Gee. All of this was known to Plaintiff before he filed his inaccurate and misleading Certificate of Non-Objection on October 12, 2018. The Court admonishes Plaintiff to be truthful and accurate in his filings with this Court at all future times or

---

[4] Defendants' counsel and *pro se* Plaintiff are directed to confer in a good faith effort to simplify and expedite the discovery process. If Defendants have no objections to certain documents sought by Plaintiff, then it should be a simple matter for the parties to agree that Plaintiff can issue a subpoena, if necessary, for those documents in a timely manner. And, if there are discovery disputes, the Defendants' counsel and *pro se* Plaintiff should fully confer as required by the Court's Order Setting Discovery Procedure [DE 18] before burdening the Court with further discovery motions.

face sanctions.

Nonetheless, in light of the fact that the Court has herein granted Defendants' Motion for Protective Order [DE 87], the Court **DENIES AS MOOT** Defendants' Motion to Strike [DE 86].

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 1ST day of November, 2018.

WILLIAM MATTHEWMAN
United States Magistrate Judge