UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cv-80305-DIMITROULEAS/MATTHEWMAN

KENNETH WOLINER, MD,

    Plaintiff,

v.

MARTHA SOFRONSKY, KRISTEN
SUMMERS, LOUISE WILHITE ST. LAURENT,
and LUCY GEE.

    Defendants.
_____/



FILED by ___ D.C.

NOV 13 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER GRANTING DEFENDANTS SUMMERS, ST. LAURENT, AND GEE'S MOTION FOR SANCTIONS [DE 77] AND MOTION TO COMPEL THE COMPLETION OF PLAINTIFF'S DEPOSITION AND FOR SANCTIONS [DE 89]

**THIS CAUSE** is before the Court upon Defendants, Kristen Summers, Louise Wilhite St. Laurent, and Lucy Gee's ("Defendants") Motion for Sanctions [DE 77] and Motion to Compel the Completion of Plaintiff's Deposition and for Sanctions [DE 89]. This matter was referred to the undersigned by United States District Judge William P. Dimitrouleas. *See* DE 78. Plaintiff Kenneth Woliner, MD, ("Plaintiff") has filed a Response to the Motion for Sanctions [DE 85], and to the Motion to Compel the Completion of Plaintiff's Deposition and for Sanctions [DE 99]. Defendants filed Replies to the Motions. [DE 88; DE 102]. The matters are now ripe for review.

### I.     BACKGROUND & PROCEDURAL HISTORY

#### A. The Pending Lawsuit

*Pro se* Plaintiff, a former Florida licensed doctor who had his medical license revoked by the

1

Florida Medical Board, filed a lengthy Complaint in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida against Defendants Martha Sofronsky, Kristen Summers, Louise Wilhite St. Laurent, and Lucy Gee. *See* DE 1-2, pg. 13. Defendants Summers, St. Laurent, and Gee were employees of the Florida Department of Health, Division of Medical Quality Assurance [DE 1-2, pgs. 13-14, ¶ 3]. Defendant Sofronsky is the mother of a young woman ("S.S.") who was a patient of Plaintiff [DE 1-2, pg. 27, ¶ 25, 26]. Defendant Sofronsky filed a complaint against Plaintiff with the Florida Department of Health, asserting that Plaintiff's treatment of her daughter caused her death [DE 1-2, pg. 30, ¶ 34], resulting in the loss of Plaintiff's medical license. Plaintiff brings Count 1 (Illegal Interception, Disclosure, and Use of Oral Communications) against all four Defendants, Count II (Violation of Civil Rights) and Count III (Conspiracy to Violate Civil Rights) against Defendants Summers, St. Laurent, and Gee, and Count IV (Intentional Infliction of Emotional Distress) against Defendants Sofronsky, Summers, and St. Laurent. Plaintiff also alleges that Mrs. Sofronsky illegally recorded a session at Plaintiff's medical office, and Plaintiff and his staff, including Plaintiff's wife, Gina Ricciardi, were all recorded without their knowledge or consent. [DE 1-2, ¶ 32]. Plaintiff states that the DOH Defendants used this recording at Plaintiff's administrative trial, in violation of Fla. Stat. §§ 934.03 and 934.06 [DE 1 ¶'s 58, 61].

### B. <u>The Saga of Plaintiff's Pending Deposition</u>

As is their right, Defendants have repeatedly attempted to take Plaintiff's deposition in this lawsuit. This effort has been ongoing since July 2018, and yet, many months later, Plaintiff's deposition has still not been completed. Although parties in federal civil litigation routinely submit to deposition without the necessity of court intervention, such has not been the case here.

In fact, Plaintiff has repeatedly set up roadblocks in an effort to delay and stymie his deposition, as discussed below.

1. The Scheduled August 6, 2018 Deposition of Plaintiff

First, on July 13, 2018, Defendants coordinated with Plaintiff to set his deposition for August 6, 2018. [DE 77, pg. 1, ¶1]. Thereafter, on July 16, 2018, Defendants issued their Notice of Taking Deposition of Plaintiff, which scheduled Plaintiff's deposition for August 6, 2018. [DE 32, pg. 1; DE 77, pg. 1, ¶ 1]. However, on August 1, 2018, Plaintiff filed a "Verified Motion to Disqualify" counsel for Defendants Summers, St. Laurent, and Gee [DE 31], along with his Motion for Protective Order to Stay or Reschedule Plaintiff's Deposition until the Court Rules on Plaintiff's Motion to Disqualify [DE 32]. Based upon these filings of Plaintiff, the Court was forced to temporarily stay the deposition of Plaintiff, pending an evidentiary hearing and ruling on Plaintiff's Motion to Disqualify Counsel. [DE 35]. After holding an evidentiary hearing on Plaintiff's Motion to Disqualify Counsel [DE 31] on August 17, 2018, the Court found Plaintiff's Motion to Disqualify to be meritless and entered an Order Denying Plaintiff's Motion to Disqualify Counsel [DE 54]. *See Woliner v. Sofronsky*, No. 18-CV-80305, 2018 WL 4039311 (S.D. Fla. Aug. 23, 2018).The Court also entered an Order Denying the Balance of Plaintiff's Motion to Stay Deposition as Moot. [DE 56] The Court's written Order at DE 56 specifically required Plaintiff to submit to a deposition on or before Monday, September 10, 2018. [DE 56].

2. The Scheduled (and Court-Ordered) August 31, 2018 Deposition of Plaintiff

Second, in compliance with the Court's Order at DE 56 requiring Plaintiff to submit to his deposition on or before September 10, 2018, Defendants rescheduled Plaintiff's deposition for August 31, 2018, at the office of defense counsel for the DOH Defendants. [DE 59, pg. 2].

3

However, when Plaintiff appeared for his deposition, his wife, Gina Ricciardi, a material witness in this lawsuit, was also present. [DE 59, pg. 3]. Defendants' counsel objected to Ms. Ricciardi being present during the deposition, because she was listed in Plaintiff's interrogatories as a material witness in this case. [DE 59-1, pg. 3, lines 12-15]. Plaintiff insisted that Ms. Ricciardi attend the deposition with Plaintiff. [DE 59, pg. 3, ¶ 7]. Plaintiff refused to submit to the deposition without his wife present [DE 59-1, pg. 3, lines 15-16], and thereby forced Defendants to file a Motion to Compel and for Protective Order so that Defendants could take Plaintiff's deposition without his wife's attendance. [DE 59]. Accordingly, the August 31, 2018 deposition of Plaintiff did not proceed and more discovery litigation was brought to the Court.

In a 22-page Response with 74 pages of attachments [DE 62], Plaintiff asserted, *inter alia,* that Defendants' actions have caused him "…severe emotional stress manifested by physical symptoms: chronic fatigue, increased appetite and weight gain, recurrent mouth sores, periodic palpitations, repeated vomiting (including bright red blood), frequent diarrhea (including dark stools), abdominal pain, insomnia, complete loss of libido, adult-onset acne, irritability, anxiety, and recurring bad thoughts" [DE 62, pg. 3, ¶ 3], and, therefore, he needs to bring his wife, Ms. Ricciardi, "with him to stressful events" [DE 62, pg. 3, ¶ 4], such as his deposition. Plaintiff argued that he is proceeding *pro se* and that, "without Ms. Ricciardi, Plaintiff would be left with absolutely no support in the troup de loup set by the Defendants (citation omitted)." [DE 62, pg.18, ¶ 36]. The Court once again expedited the matter and after considering the parties' positions, ordered Plaintiff to submit to his deposition on or before September 30, 2018, and precluded his wife, Ms. Ricciardi, a material witness in this litigation, from being present during the deposition. [DE 64]. *Woliner v. Sofronsky,* No. 18-CV-80305, 2018

4

WL 4404066 (S.D. Fla. Sept. 13, 2018).

### 3. The Court-Ordered September 24, 2018 Deposition of Plaintiff

In a further ongoing effort to avoid his deposition, Plaintiff filed an objection to the undersigned's Order requiring him to attend his deposition on or before September 30, 2018 without the presence of his wife [DE 65] together with a Motion to Stay Discovery [DE 66]. However, in a September 19, 2018 Order, the Honorable United States District Judge William P. Dimitrouleas denied Plaintiff's objection and motion to stay and specifically ordered Plaintiff to appear for his deposition on September 24, 2018 at the offices of counsel for Defendants Summers, St. Laurent, and Gee. [DE 69]. However, Plaintiff failed to attend that court-ordered September 24, 2018 deposition. Instead, on September 20, 2018, in a further effort to delay his deposition, Plaintiff filed a Notice of Appeal to the Eleventh Circuit [DE 70] from Judge Dimitrouleas' Order at DE 69. Plaintiff did not file a motion to stay at that time. Instead, he did not attend the deposition scheduled for September 24, 2018. Then, on September 24, 2018, Plaintiff filed a Motion for Protective Order, asking the Court to stay his deposition pending his appeal to the Eleventh Circuit. [DE 73, pg. 1]. On September 27, 2018, Judge Dimitrouleas entered his Order Denying Plaintiff's Motion for Protective Order, and required Defendants to provide the Court with a date for Plaintiff's rescheduled deposition by October 1, 2018 at 5:00 p.m. [DE 76, pg.1]. In that Order, Plaintiff was specifically cautioned that failure to appear at his deposition "will result in sanctions." [DE 76, pg. 1]. Pursuant to that Order, Defendants filed a Notice of Compliance advising the Court that Plaintiff's deposition was now scheduled for October 19, 2018, at 10:00 a.m. at the office of counsel for Defendants Summers, St. Laurent,

and Gee. [DE 80].[1]

### 4. The Scheduled (and Court-Ordered) October 19, 2018 Deposition of Plaintiff

Plaintiff did appear for his deposition on October 19, 2018, and he did sit for the deposition from approximately 10:00 a.m. until approximately 3:00 p.m. with necessary breaks and a lunch break. [DE 89]. However, when Plaintiff became irritated and angry at the questions put to him by Defendants' counsel, Plaintiff abruptly terminated the deposition and left defense counsel's office. [DE 89-1, pgs. 12-13]. Thus, Plaintiff's deposition has still not been completed.[2]

### C. **The September 27, 2018 Motion for Sanctions [DE 77], Response, and Reply**

#### 1. Motion

Defendants filed their Motion for Sanctions on September 27, 2018 [DE 77], requesting that the Court impose sanctions against Plaintiff pursuant to Federal Rule of Civil Procedure 37(b) and (d) for repeatedly delaying his deposition and for failing to follow the Court's order requiring Plaintiff to submit to a deposition on September 24, 2018 [DE 64]. Defendants assert that they have been trying to take Plaintiff's deposition for two months; that Plaintiff provided difficult dates for his deposition after normal business hours and on weekends; and that he refused to sit for his deposition without his wife present. [DE 77, pg. 4].

Defendants assert that they have incurred significant costs due to Plaintiff's behavior, including the costs of retaining a court reporter, drafting the Motion at issue [DE 77], and responding to Plaintiff's untimely filed second Motion for Protective Order [DE 73]. Defendants also claim that they will incur costs in rescheduling Plaintiff's deposition. [DE 77, pg. 4].

---

[1] On October 11, 2018, the United States Court of Appeals for the Eleventh Circuit issued, *sua sponte,* an Order dismissing Plaintiff's appeal. [DE 83].

[2] On November 9, 2018, Judge Dimitrouleas extended the discovery cut-off date from November 14, 2018 to December 14, 2018. [DE 105].

6

2. Response

Plaintiff filed a Response to Defendants' Motion for Sanctions on October 15, 2018. [DE 85]. Plaintiff states that he received the Court's Order overruling his objections and denying Plaintiff's Motion to Stay [DE 69] on September 19, 2018, also Yom Kippur. [DE 85, pgs. 3-4]. Because Plaintiff celebrates Yom Kippur, he viewed the Court's Order the following day, September 20, 2018, and timely filed his notice of appeal. [DE 70]. Plaintiff claims that he both telephoned and emailed defense counsel on Saturday, September 22, 2018, and notified them that a Motion to Stay Pending Appeal had been filed with the Eleventh Circuit and that he would not be appearing at the deposition scheduled for Monday, September 24, 2018. [DE 85, pg. 4]. Plaintiff also asserts that he did not "simply fail to show up at Defendants' offices, but instead filed a Motion for Protective Order [DE 73] after conferring by telephone with Defendants." [DE 85, pg. 4].

Plaintiff argues that the Court specifically declined imposing sanctions on Plaintiff in its Order Denying Motion for Protective Order [DE 76] and stated, "Plaintiff is cautioned that the failure to appear at his deposition will result in sanctions." [DE 85, pg. 4]. Plaintiff also argues that because the deposition was scheduled at the office of defense counsel, Defendants did not incur any travel costs. *Id.*

Next, Plaintiff claims that his objections to the Court's Order Granting Defendant's Motion to Compel and for Protective Order [DE 59] were substantially justified and that he believes his appeal to the Eleventh Circuit will be meritorious.[3] [DE 85, pg. 5]. Plaintiff states that, as a *pro se* plaintiff, he is not thumbing his nose to the court but rather attempting to comply with the Federal Rules of Civil Procedure to the best of his abilities. *Id.* Plaintiff also asserts that

---

[3] *See* f.n. 1, *supra.*

special circumstances in this case would make an award of expenses unjust. *Id.* Plaintiff points to Defendants' "false sense of urgency" in scheduling his deposition before the deposition of Ms. Ricciardi; the expedited briefing schedules set by the Court, which did not toll for Jewish holidays; pro se litigants' access to CM/ECF; and "Defendants' failure to mitigate damages." *Id.* Plaintiff argues that he dutifully filed his appeal within one day of reading the Court's Order overruling his objections and notified the Defendants' counsel within two days that his deposition was to be cancelled. Plaintiff maintains that Defendants could have avoided damages by cancelling the court reporter on Friday before the Monday deposition. Plaintiff also requests that the Court award him reasonable expenses incurred in defending Defendants' Motion. [DE 85, pg. 6].

3. Reply

Defendants filed their Reply on October 19, 2018. [DE 88]. Defendants first refute Plaintiff's claim that the Court's Order Denying Motion for Protective Order [DE 76] "specifically denied imposing sanctions on Plaintiff." Defendants assert that that language is not in the Court's Order. [DE 88, pg. 2]. Defendants also point out that, although Plaintiff did email defense counsel to inform them he was not attending the deposition scheduled for Monday, September 24, 2018, Plaintiff was required by Court Order to attend. *Id.* Defendants add that their counsel explained to Plaintiff in an email that his appeal did not automatically stay the deposition and he was still required to attend under the Court's Order at DE 69, and that they would not cancel the deposition. *Id.* Defendants state that Plaintiff never responded to the email, but instead called defense counsel thirty minutes before the deposition was scheduled to begin to confer regarding his forthcoming Motion for Protective Order. *Id.*

Defendants argue that they were in no position to disregard the Court's Order and unilaterally cancel the deposition. *Id.* Defendants also reject Plaintiff's argument that he is a *pro se* Plaintiff and therefore has limited knowledge of the Federal Rules and CM/ECF. [DE 88, pg. 3]. They argue that Plaintiff failed to attend a properly noticed deposition in direct violation of this Court's Order, and therefore sanctions are substantially justified in this case. *Id.*

D. **The October 26, 2018 Motion to Compel the Completion of Plaintiff's Deposition [DE 89] and for Sanctions, Response, and Reply**

1. Motion

Defendants filed their Motion to Compel the Completion of Plaintiff's Deposition and for Sanctions [DE 89] on October 26, 2018. In their Motion, Defendants state that Plaintiff abruptly terminated the deposition after becoming irritated and angry at the questions posed by defense counsel. [DE 89, pg. 2]. Defendants ask that the Court order that Plaintiff's deposition be continued so that Defendants may continue their examination of Plaintiff, and ask the Court to require Plaintiff to respond to questions regarding the circumstances in which Plaintiff believes the recording was destroyed. [DE 89, pg. 2]. Finally, Defendants request sanctions, pursuant to Federal Rule of Procedure 30(d)(2), for Plaintiff's unnecessary termination of his deposition. [DE 89, pg. 3]. Specifically, Defendants seek costs in connection with the second deposition of Plaintiff, including the court reporter's fee and the costs of a second deposition transcript; attorneys' fees in connection with preparing and taking a second deposition of Plaintiff; and attorney's fees in preparing the instant Motion and any replies. [DE 89, pg. 5].

2. Response

Plaintiff filed his Response on November 11, 2018. [DE 99]. In his Response, Plaintiff

filed a "Counter-Motion to Terminate or Limit the Scope of Deposition under Federal Rule of Civil Procedure 30(d)(3)." Plaintiff claims that Defendants' counsel, Mr. James Williams, continually "harassed Plaintiff by repeatedly demanding confidential information," and "repeatedly badgered Plaintiff by repeatedly demanding answers to the same questions over and over again." [DE 99, pg. 2]. Plaintiff claims that he protested against the "badgering, harassing, and oppressive nature of Mr. Williams' questions" and repeatedly stated that he was "already suffering from emotional stress because of Defendants' actions of destroying exculpatory evidence resulting in the revocation of his medical license" and that stress was "exacerbated by his isolation from his wife during the deposition." [DE 99, pg. 2, ¶ 8]. Plaintiff also states that he "terminated the deposition after lodging six additional objections that Mr. Williams was continuing to badger the Plaintiff." [DE 99, pg. 3, ¶ 9]. Plaintiff argues that sanctions are not appropriate here because he reasonably terminated the deposition due to defense counsel's harassing behavior. [DE 99, pg. 5]. Plaintiff also asks the Court to issue an Order "barring Defendants from propounding further harassing, and irrelevant, questions designed only to compromise Plaintiff's privacy, risking further identity theft, and that in any future deposition, both parties must conduct themselves with professionalism and civility (citation omitted)."*Id.*

   3. Reply

Defendants filed their Reply on November 7, 2018. [DE 102]. Defendants rejected Plaintiff's claims of stress and argued that the circumstances of the recording are relevant and specifically relate to his claims of emotional distress. [DE 102, pg. 2]. Defendants also add that their trial preparation will be prejudiced if they are unable to finish their questioning regarding the recording and Plaintiff's claims for damages. *Id.* Further, Defendants assert that a review of

the transcript portions demonstrate that defense counsel's questioning was not badgering, harassing, or oppressive. *Id.* Instead, Defendants claim that the repeated questions were due to the fact that Plaintiff was evasive or failed to directly answer the question posed. *Id.* Further, Defendants point out that Plaintiff's personal information is required to conduct a thorough background check, and that personal information would not be put on the record. [DE 102, pg. 3]. They also maintain that their "primary focus in the continuation of the deposition...is to question Plaintiff regarding the circumstances surrounding the alleged destruction of the recording and his claims for damages." *Id.*

## II. DISCUSSION AND ANALYSIS

### A. Legal Standard

Under Federal Rule of Civil Procedure 37 and the inherent jurisdiction of the Court, if a party fails to comply with a discovery order, then the Court may impose the following sanctions: directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; striking pleadings in whole or in part; staying further proceedings until the order is obeyed; dismissing the action or proceeding in whole or in part; rendering a default judgment against the disobedient party; or treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). The Court must also order the disobedient party to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantively justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(b)(2)(C).

Additionally, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), if a discovery motion is granted, the Court must "require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

Further, under Federal Rule of Civil Procedure 37(d), a court may order sanctions if

(i) a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition.

Fed. R. Civ. P. 37(d)(1)(A)(i). The court may impose any of the same sanctions listed in Rule 37(b)(2)(A)(i)-(vi). "Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

A Court may also issue sanctions against a party, pursuant to Federal Rule of Civil Procedure 30(d)(2), for unreasonably terminating a fair deposition. Rule 30(d)(2) states: "[t]he court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrated the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

### B. Plaintiff Woliner has Engaged in Dilatory Conduct, Misconduct, and Improper Conduct Regarding his Deposition

Plaintiff Woliner has repeatedly and frivolously delayed his deposition. He violated the Court's Order that he attend his deposition on September 24, 2018. It is now mid-November, 2018, and Plaintiff's deposition has yet to be completed, even though it was first noticed in

mid-July, 2018 for an August 6, 2018 deposition. Finally, after multiple futile attempts to take Plaintiff's deposition, Plaintiff sat for his deposition on Friday, October 19, 2018. The Court has carefully reviewed the portions of the transcript of the deposition filed by both parties. [DE 89-1, DE 99, pgs. 16-43]. At that deposition, Plaintiff demonstrated egregious behavior that merits the award of sanctions against Plaintiff and in favor of Defendants.

First, Plaintiff has repeatedly refused to provide his social security number and driver's license number when asked for that information by Defendants during his deposition and in his interrogatories. *See* DE 99, pgs. 20-23; DE 99, pgs. 11-13. The Court's review of pages 15 through 18 of the deposition transcript [DE 99, pgs. 20-23] show Plaintiff's refusal to provide this relevant information, even when defense counsel advised Plaintiff that he could provide that basic information off the record, so that it did not appear in the deposition transcript. Plaintiff claims that defense counsel "continually harassed" him by "repeatedly demanding this information. Plaintiff's objections are frivolous. The request of this personal information is routine in litigation, and Plaintiff was informed that the information would either remain off the record or would be redacted. In fact, a Florida Supreme Court-approved standard interrogatory requesting a party "[l]ist all former names, and when you were known by those names. State all addresses where you have lived for the past 10 years, the dates you lived at each address, your Social Security number, and your date of birth," is one of the first interrogatories on the Standard Interrogatories Form of the Florida Rules of Court, Volume I. Plaintiff's stubborn and frivolous refusal to provide basic information such as his social security number exhibits how he is playing games with opposing counsel and this Court. Plaintiff's conduct unnecessarily frustrated the deposition and caused it to be lengthened and delayed.

Next, Plaintiff's claim that he attended his deposition for over five hours on Friday, October 19, 2018 is inaccurate. The deposition began at 10:03 a.m. on Friday, October 19, 2018, and ended abruptly when Plaintiff improperly terminated it at 3:05 p.m. Although that is indeed a five hour time period, Plaintiff was provided two breaks and a half hour break for lunch. Thus, his deposition testimony was well under five hours and much of that time was wasted by Plaintiff's refusal to answer basic and relevant questions in a direct and forthright manner.

Plaintiff also complains that defense counsel "repeatedly badgered Plaintiff" by "repeatedly demanding answers to the same questions over and over again." [DE 99, pg. 2, ¶ 7]. Upon careful review of the portions of the deposition transcript provided by both Defendants and Plaintiff, it is clear that this is simply not true. This is yet another false allegation made by Plaintiff. Plaintiff refused to provide clear and complete answers as to the circumstances under which the recording was allegedly destroyed, and acted in an evasive and unreasonable manner.

Finally, Plaintiff admits that he terminated the deposition early, at 3:05 p.m. [DE 99, pg. 3, ¶ 9]. The termination of the deposition by Plaintiff was unjustified and done in bad faith. It is clear that Plaintiff, from the outset of the deposition, attempted to play games with defense counsel in an effort to frustrate the prompt completion of the deposition.[4] This behavior will not be tolerated by the Court.

Plaintiff has continuously ignored Court Orders, made frivolous arguments, made inaccurate or false statements, and avoided attending his own deposition, even though he is the party prosecuting the claims in this case. For whatever reasons, Plaintiff has made the discovery process in this case unnecessarily complicated and difficult. The Court has had to repeatedly rule

---

[4] As a further example of Plaintiff's frivolous behavior, Plaintiff claimed during his October 19, 2018 deposition that he was "trying to stay coherent" but was having a hard time doing so because he was "isolated from his wife" and the alleged resultant stress was making it difficult for him to "remember everything right now." [DE 99, pg. 31].

on motions caused by Plaintiff's advancement of frivolous, irrelevant, or unsupported positions. Plaintiff has acted vexatiously and in bad faith by failing to answer simple and routine questions, has acted in an unreasonable manner, has improperly insisted on the presence of his wife at his deposition, and has complained frequently at small inconveniences. He has delayed submitting for and completing his deposition for almost five months and has continuously delayed the discovery process. This is not how the discovery process is supposed to proceed.

### C. The Imposition of Sanctions Against Plaintiff is Appropriate

Therefore, pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), since Plaintiff did not fully comply with this Court's discovery orders, and pursuant to Rule 37(d)(1)(A)(i), since Plaintiff failed to appear for his Court-Ordered deposition on September 24, 2018, and due to his misconduct during the discovery process, Plaintiff shall be required to pay Defendants' reasonable expenses in retaining a court reporter for the scheduled September 24, 2018 deposition, and shall be required to pay Defendants' attorneys' fees for researching and drafting the Motion for Sanctions [DE 77], reviewing and researching Plaintiff's Response, researching and drafting Defendants' Reply, as well as the time spent in reviewing and complying with Court Orders to take Plaintiff's deposition. Plaintiff's failure to attend the Court-Ordered September 24, 2018 deposition was not substantially justified and there are no circumstances which make such an award unjust. *See Dude v. Cong. Plaza, LLC*, No. 17-80522-CIV, 2018 WL 3432714 (S.D. Fla. July 16, 2018) (Sanctions of attorneys' fees and costs imposed against Plaintiff for failure to attend deposition, failure to attend mediation, and failure to comply with Court Orders); *Dude v. Cong. Plaza, LLC*, No. 17-80522-CIV, 2018 WL 3848431 (S.D. Fla. Aug. 13, 2018) (Awarding attorneys' fees and costs against Plaintiff in the amount of $39,622.00 in attorneys'

fees and $2,090.83 in costs due to Plaintiff's failure to attend deposition, failure to attend mediation, and failure to comply with Court Orders).

Further, the Court will also require Plaintiff to pay Defendants' reasonable costs in connection with the second deposition, including the court reporter's fee at the continued deposition of Plaintiff and the cost of the second deposition transcript, and attorneys' fees in researching and drafting Defendants' Motion to Compel the Completion of Plaintiff's Deposition and for Sanctions [DE 89], Plaintiff's Response and Cross-Motion, and its Reply [DE 102], pursuant to Federal Rule of Civil Procedure 30(d)(2).

Plaintiff's Cross-Motion for Protective Order under Rule 30(d)(3)(A) is frivolous and without merit. It is **DENIED.** It is frankly hard to believe that after all of Plaintiff's improper and dilatory conduct, he deemed it proper to seek sanctions against Defendants. Plaintiff did not file his frivolous Cross-Motion for Protective Order until after Defendants filed their Motion to Compel the Completion of Plaintiff's Deposition and for Sanctions [DE 89]. Additionally, Plaintiff's cross-motion was improperly contained within his Response.

The Court also recommends that additional sanctions relating to Plaintiff's pending Motion to amend his complaint be considered by the District Judge, as discussed below. The undersigned also reserves jurisdiction to impose or recommend additional sanctions against Plaintiff, including dismissal of his lawsuit, the striking of his pleadings, and any other sanctions authorized by law. *See Fountain v. United States*, 725 F. App'x 891 (11th Cir. 2018) (*Pro se* Plaintiff's lawsuit dismissed for failure to comply with discovery); *Lambert v. Worldwide Mktg. Techs. Corp.*, 708 F. App'x 559 (11th Cir. 2017) (*Pro se* Plaintiff's lawsuit dismissed as sanction for Plaintiff's refusal to comply with discovery order and for attempting to deceive magistrate

judge); *Dude v. Cong. Plaza, LLC,* No. 17-80522-CIV, 2018 WL 4203888 (S.D. Fla. July 20, 2018), *report and recommendation adopted sub nom. Dude v. Cong. Plaza. LLC,* No. 17-CV-80522, 2018 WL 4203886 (S.D. Fla. Aug. 29, 2018) (Plaintiff's lawsuit dismissed due to Plaintiff's failure to attend his deposition, failure to attend mediation, and failure to comply with court orders).

### III. CONCLUSION

In light of the foregoing, it is **ORDERED** and **ADJUDGED** that Defendants' Motion for Sanctions [DE 77] and Motion to Compel the Completion of Plaintiff's Deposition and for Sanctions [DE 89] are **GRANTED IN PART** as follows:

1. Defendants' Motion for Sanctions [DE 77] is **GRANTED** to the extent that Plaintiff shall be required to pay Defendants' reasonable expenses in retaining a court reporter for the scheduled September 24, 2018 deposition, and Defendants' attorneys' fees for researching and drafting the Motion for Sanctions [DE 77], reviewing and researching Plaintiff's Response, researching and drafting Defendants' Reply, as well as the time spent in reviewing and complying with Court Orders to take Plaintiff's deposition, subsequent to the September 24, 2018 Court Order.

2. Defendants' Motion to Compel the Completion of Plaintiff's Deposition and for Sanctions [DE 89] is **GRANTED** to the extent that Plaintiff shall be required to submit to a further deposition and shall be required to pay Defendants' reasonable costs in connection with the second deposition, including the court reporter's fee and the cost of the second deposition transcript, and attorneys' fees in researching and drafting Defendants' Motion to Compel the Completion of Plaintiff's Deposition and for

Sanctions [DE 89], Plaintiff's Response and Cross-Motion, and Defendants' Reply [DE 102].

3. In order to assist the Court in determining a reasonable award of attorneys' fees and costs pursuant to this Order, Defendants shall file an appropriate affidavit with the Court on or before **December 4, 2018,** documenting all attorneys' fees and costs incurred as a result of retaining a court reporter for the scheduled September 24, 2018 deposition; researching and drafting the Motion for Sanctions [DE 77]; reviewing and researching Plaintiff's Response; researching and drafting Defendants' Reply; reviewing and complying with Court Orders to take Plaintiff's deposition; reasonable costs in connection with the second deposition, including the court reporter's fee and the cost of the second deposition transcript; and in researching and drafting Defendants' Motion to Compel the Completion of Plaintiff's Deposition and for Sanctions [DE 89], Plaintiff's Response and Cross-Motion, and Defendants' Reply [DE 102]. The affidavit should include the amount of attorneys' fees sought, hours expended, services rendered, and hourly rate sought.

4. Plaintiff shall have until on or before **December 28, 2018** to file a response or objections to the hourly rate claimed by defense counsel and the number of hours incurred by Defendants' counsel.

5. Thereafter, Defendants shall have until on or before **January 5, 2019** to file any reply to Plaintiff's response. The Court will then determine the amount of attorneys' fees and costs, which shall be paid by Plaintiff to Defendants.

6. The Court also reserves jurisdiction to impose or recommend further sanctions,

including the striking of Plaintiff's pleadings, dismissal of his lawsuit with prejudice, and all appropriate further sanctions.[5] Plaintiff is **ORDERED** to attend the continuation of his deposition on or before December 14, 2018, at a date and time noticed by the DOH Defendants' counsel and at their office. The Court orders Plaintiff to provide his social security number and driver's license number to Defendants' counsel in either a redacted or off-the-record procedure as reasonably offered by Defendants' counsel. Plaintiff is also **ORDERED** to fully and completely, and without evasiveness, directly answer defense counsel's relevant and proper questions. Since Plaintiff unnecessarily delayed the conclusion of his October 19, 2018 deposition and wasted the parties' time, Defendants shall have an additional four hours (exclusive of breaks) to take Plaintiff's deposition. Any further violations by Plaintiff shall result in more serious sanctions.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 13th day of November, 2018.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[5] Currently under consideration by Judge Dimitrouleas is Plaintiff's Motion for Leave to Amend his initial Verified Complaint [DE 42], in which Plaintiff seeks to add approximately 18 more Defendants and approximately four additional causes of action. In light of Plaintiff's misconduct, as noted in this Order and prior Orders of the Court, the undersigned is, in conjunction with this Order, issuing a Report and Recommendation which recommends that Judge Dimitrouleas consider Plaintiff's misconduct in determining whether Plaintiff should be permitted to amend his Complaint.