UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-80305-Dimitrouleas/Matthewman

KENNETH WOLINER, M.D.,

    Plaintiff,

v.

MARTHA SOFRONSKY, KRISTEN SUMMERS, LOUISE WILHITE ST. LAURENT, and LUCY GEE,

    Defendants.
_____/



FILED by ___ D.C.
DEC 0 7 2018
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS SUMMERS, ST. LAURENT, AND GEE'S MOTION FOR PROTECTIVE ORDER TO PLAINTIFF'S NON-PARTY SUBPOENA TO THE DEPARTMENT OF HEALTH FILED ON NOVEMBER 13, 2018 [DE 116]

**THIS CAUSE** is before the Court upon Defendants, Kristen Summers, Louise Wilhite St. Laurent, and Lucy Gee's Motion for Protective Order to Plaintiff's Non-Party Subpoena to the Department of Health Filed November 13, 2018 [DE 116]. This matter was referred to the undersigned by United States District Judge William P. Dimitrouleas upon an Order referring all discovery to the undersigned for final disposition. *See* DE 17. *Pro Se* Plaintiff, Kenneth Woliner filed a Response [DE 117]. Defendants filed no Reply. Plaintiff filed his second Notice of Subpoena to Non-Party, the Florida Department of Health [DE 110] with the Court on November 13, 2018.

    I.    **Plaintiff's Notice of Subpoena, Defendant's Motion, and Response**

The Court has carefully reviewed Plaintiff's Notice of Subpoena [DE 110], Defendants'

1

Motion [DE 116], Plaintiff's Response [DE 117], and the attachments. Plaintiff filed the Notice of Subpoena on November 13, 2018. The Notice of Subpoena is 44 pages long, the *duces tecum* is 11 pages long, and it contains 91 requests to the DOH (excluding subparts). *See* DE 110.

### A. Motion

In their Motion [DE 116], Defendants object to the requests on the same basis as Plaintiff's previous Notice of Production to Non-Party. *See* DE 87. According to Defendants, Plaintiff has agreed to withdraw his requests for documents listed at numbers 19, 21, 22, 26, 27, and 28. [DE 116, pg. 3]. However, Defendants object to requests numbered 4-18, 21, 25, 31-41, 45, 47-51, 83, and 91 on the basis that they are overbroad, irrelevant, and not proportional to the needs of this case. *Id.* Defendants state that many of the requests involve specific email correspondence that do not involve parties to this case and do not concern topics relevant to this matter. *Id.* Defendants state that these emails were "possibly part of prior public requests made by Plaintiff and which had been redacted by DOH." *Id.* Exhibit B of Plaintiff's Notice appears to be the redacted copies of the emails he seeks. [DE 110, pgs. 21-44]. Defendants characterize Plaintiff's request for these emails as a "fishing expedition," because Plaintiff claims that the emails could possibly contain information discussing the actions of Defendants. [DE 116, pg. 4]. Although some of the emails contain Plaintiff's name in the subject line, Defendants attribute this to the fact that Plaintiff frequently filed complaints with the DOH and made several public records requests to the DOH.

Defendants reject Plaintiff's assertion that the email correspondence is relevant to "show conspiracy to deny Plaintiff his civil rights and of free speech and due process," because the conspiracy claims only involve the named Defendants and no other members of the Department of Health. [DE 116, pg. 4]. Defendants suggest that Plaintiff might be seeking these documents

2

to pursue the allegations he made in his proposed Amended Complaint at DE 44. [DE 116, pg. 4]. The Court notes that Judge Dimitrouleas denied Plaintiff's Motion for Leave to Amend the Complaint on November 27, 2018. [DE 118].

Defendants also object to Plaintiff's requests at numbers 84-87, 89, and 91. [DE 116, pg. 5]. Defendants argue that these requests are duplicative of the previous discovery requests, and that requests 84-87 are extremely confusing to follow. *Id.* Defendants also argue that request 91 is overbroad because it pertains to the activity of all DOH employees. Further, Defendants assert that as the requests pertain to Defendants Summer and St. Laurent, those documents have already been provided in response to Plaintiff's interrogatories.

**B. Response**

Plaintiff filed his Response on November 27, 2018. [DE 117]. Plaintiff states that he has withdrawn 10 requests, and not 6 as stated by Defendants. Specifically, Plaintiff withdrew requests numbered 19, 21, 22, 23, 26, 27, 28, 44, 52, and 53. [DE 117, pg. 2]. Plaintiff rejects Defendants assertion that Defendant St. Laurent had already produced documents in response to requests 84 and 85 as "simply not true." [DE 117, pg. 4]. Plaintiff stated that the documents that he received from Defendants contain "additional pages of obviously irrelevant material." *Id.* Plaintiff characterized his requests as a "targeted hunting trip" which requests specific information for specific information, and that the requests are relevant and proportional to the needs of the case. *Id.* He argues that the requests relate to Defendant Gee's role in the alleged conspiracy against Plaintiff and her "sufficient control over her employees to direct them to take action against Plaintiff." *Id.*

3

## II. Analysis

The Court has reviewed Plaintiff's Notice of Subpoena [DE 110], Defendants' Motion [DE 116], Plaintiff's Response [DE 117], and the attachments and finds that Defendants' Motion should be granted in part and denied in part. First, to clarify, Defendants have not objected to requests numbered 1, 2, 3, 20, 24, 29, 30, 42, 43, 46, 54 – 82, 88, and 90. Accordingly, the Non-Party Florida Department of Health is required to respond to those requests.

Federal Rule of Civil Procedure 26(b) sets a clear standard for the scope of discovery. Specifically, Rule 26(b) defines the scope of discovery as "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." If a party asserts that documents sought by the opposing party are outside the scope of discovery, Rule 26(c)(1) provides that a party or any person may move for a protective order, and the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The Court will now address the remaining requests.

### A. Request Numbers 4 – 7, 9 – 18, 25, 31 – 41, 45, 49 – 51, and 83

In light of Plaintiff's pending complaint [DE 1-2, pgs. 13-46] and Defendants' Answers [DE 4, DE 5], the Court finds that several of the documents sought by Plaintiff are arguably relevant pursuant to the scope of discovery under Rule 26(b)(1). Specifically, in Plaintiff's requests numbered 5 – 7, 9 – 18, 25, 31 – 41, 45, and 49 – 51, Plaintiff seeks emails between employees of the Department of Health. All of these emails contain Dr. Woliner's name in the subject line of the email. Therefore, the Court agrees with Plaintiff's assertion that the emails are arguably relevant to Plaintiff's claims that Defendants, also employees of the Department of

Health, conspired to violate Plaintiff's civil rights, because it appears that employees at the Department of Health often discussed Dr. Woliner. The production of the emails by Defendants is not unduly burdensome nor is it disproportionate to the needs of this case. The Court will also require the Department of Health to respond to Plaintiff's Request #4. According to Plaintiff, he seeks a document entitled, "Miami New Times – STRS (3)", which was produced on or around January 31, 2013 and "shows Defendant Gee's attempt at damage control in response to articles in the press that quoted Plaintiff." [DE 110, pg. 9]. The Court also finds this is arguably relevant to Plaintiff's claim that Defendant Gee conspired to violate Plaintiff's civil rights.

Request 83 seeks email correspondence between May 1, 2013 through February 2, 2018, to and from Defendant Sofronsky to fifteen named employees at the Department of Health. [DE 110, pg. 17]. Defendants argue that the production of such correspondence should be limited to those with named Defendants. They also ask the Court to curtail the time period from February 2, 2018 to the date that the underlying litigation concluded, October 30, 2017. [DE 116, pg. 4]. Plaintiff alleges that these emails pertain to the MP3 sound recording that is at issue in Count I of his Complaint. [DE 117, pg. 5; DE 1-2, pg. 42]. The Court finds that these emails are arguably relevant both to Plaintiff's allegations at Count I, Count II, and Count III of Plaintiff's Complaint, and proportional to the needs of this case. Therefore, Defendants' Motion for Protective Order as to Requests numbered 4 – 7, 9 – 18, 25, 31 – 41, 45, 49 – 51, and 83 is **DENIED,** and the Department of Health is required to comply with the requests.

However, three of the emails requested by Plaintiff do not contain any reference to Plaintiff in the subject line, and the emails are between non-party Department of Health employees, rather than the named Defendants. Because there is no indication that the requested

emails pertain to Plaintiff, the Court does not find Request Numbers 8, 47, or 48 to be relevant or proportional to the needs of this case. The Court will not require the Department of Health to produce the emails requested in numbers 8, 47, and 48. Defendants' Motion for Protective Order as to Requests 8, 47, and 48 is **GRANTED**.

### B. Requests 84 – 87, 89, and 91

Defendants also seek a protective order for Requests numbered 84 – 87, 89, and 91. The Court agrees with Defendants' assertion that Requests 84-87 are confusing to follow. [DE 116, pg. 5]. The requests appear to seek documents that were previously requested under a public records search and seek "all emails" containing several words or search terms, but redacted from "Woliner Packets." *See* DE 110, pgs. 17-18]. The requests seek information that does not appear to be relevant to the claims asserted in Plaintiff's Complaint [DE 1-2], especially in light of the fact that the Department of Health is not a party to this action. Additionally, these requests appear to seek information that is relevant to the Plaintiff's underlying state lawsuit concerning public records requests rather than to the claims in the instant lawsuit. Because the information is not relevant or proportional to the needs of this case, the Court will not require the Department of Health to produce the information sought by Plaintiff in Requests 84 – 87. Defendants' Motion for Protective Order as to Requests 84-87 is **GRANTED**.

Finally, Defendants seek a protective order for Request numbers 89 and 91. Both requests relate to the 2013 MP3 recording at issue in Plaintiff's Complaint. [DE 1-2]. Request 89 seeks all notes made of the recording by Defendant Sofronsky and given to Defendants Summers, St. Laurent, and Brynna Ross, a former DOH employee. [DE 110, pg. 19]. Defendants claim that this request is duplicative because they have already produced all notes regarding the recording in their

response to Plaintiff's Requests for Production. [DE 116, pg. 5]. The Court finds that the notes requested in Number 89 are relevant and proportional to this case, and therefore if the Department of Health is in possession of any notes that have not already been provided to Plaintiff, it shall be required to comply with Plaintiff's request. Defendants' Motion for Protective Order as to Request 89 is **DENIED.**

Defendants next assert that Request 91 is overbroad because it pertains to the activity of all employees of the DOH. *Id.* Defendants state that as the requests pertain to Defendants Summers and St. Laurent, Defendants have already provided this information in response to Plaintiff's interrogatories. *Id.* The Court agrees that Request 91 is overbroad because it seeks documents describing efforts made by DOH employees who are not parties to this action. [DE 110, pg. 19]. Therefore, the Court will require the Department of Health to only produce documents pertaining to the MP3 recording at issue that concern Defendants St. Laurent, Summers, and Gee. Defendants' Motion for Protective Order as to Request 91 is **GRANTED IN PART.**

### III. Conclusion

As stated above, Defendants's Motion for Protective Order is **DENIED IN PART AND GRANTED IN PART**, as follows:

1. Defendants' Motion for Protective Order as to Requests numbered 4 – 7, 9 – 18, 25, 31 – 41, 45, 49 – 51, and 83 is **DENIED.** The Department of Health is required to comply with the requests.
2. Defendants' Motion for Protective Order as to Requests 8, 47, and 48 is **GRANTED.**
3. Defendants' Motion for Protective Order as to Requests 84-87 is **GRANTED.**
4. Defendants' Motion for Protective Order as to Request 89 is **DENIED.**

7

5. Defendants' Motion for Protective Order as to Request 91 is **GRANTED IN PART.** The DOH shall only produce documents that pertain to the MP3 recording at issue that concern Defendants St. Laurent, Summers, and Gee.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 7th day of December, 2018.

WILLIAM MATTHEWMAN
United States Magistrate Judge