UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CV-80305-DIMITROULEAS/MATTHEWMAN

KENNETH WOLINER, M.D.,

    Plaintiff,

vs.

MARTHA SOFRONSKY, KRISTEN SUMMERS, LOUISE WILHITE ST. LAURENT, AND LUCY GEE,

    Defendants.
_____/



## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS SUMMERS, ST. LAURENT, AND GEE'S MOTION TO STRIKE PLAINTIFF'S EXPERT FREDERIC B. JENNINGS JR. AND FOR SANCTIONS [DE 121]

**THIS CAUSE** is before the Court upon Defendants, Kristen Summers, Louise Wilhite St. Laurent, and Lucy Gee's ("Defendants") Motion to Strike Plaintiff's Expert Frederic B. Jennings, Jr., and for Sanctions. [DE 121]. Plaintiff, Kenneth Woliner, filed a Response to Defendants' Motion Strike Plaintiff's Expert Frederic B. Jennings, Jr., and for Sanctions, and, in the alternative, Motion to Extend Expert Designation Deadlines. [DE 123]. Defendants filed a Reply. [DE 130] This matter was referred to the undersigned by United States District Judge William P. Dimitrouleas for appropriate disposition. *See* DE 122. The Court has carefully reviewed the Motion, Response, and Reply, and all applicable law, rules, and case authorities. The matter is now ripe for review.

## I. BACKGROUND

On April 6, 2018, the Court entered its Order Setting Trial Date and Discovery Deadlines [DE 8]. The trial date was set for a two-week calendar beginning on March 11, 2019 [DE 8, ¶ 1]

and remains scheduled for that time period.

At paragraph 3 of that Order, the Court stated: "Dates and other agreements between the parties not otherwise addressed herein shall be considered part of this Order." [DE 8, 3]. In the parties' Joint Scheduling Report, the parties agreed that Plaintiff's Disclosure of Initial Expert Reports would occur on or before October 1, 2018 [DE 7, pg. 2]. Dates were also agreed to by the parties for Defendant's Disclosure of Expert Witnesses/Reports (November 1, 2018), Disclosure of Rebuttal Expert Witnesses (December 1, 2018) and Expert Discovery Completion (December 19, 2018) [DE 7, pg. 2]. No party moved to extend any of these deadlines prior to their expiration.

On December 14, 2018, for the first time, the Court was notified of a dispute over disclosure of an expert witness by way of Defendants' Motion to Strike Plaintiff's Expert Frederic B. Jennings, Jr., and for Sanctions. [DE 121]. According to Defendants, on the evening of Sunday, December 9, 2018, Plaintiff provided Defendants with an expert report of Dr. Jennings. [DE 121, pg. 2]. This belated disclosure was made by Plaintiff more than two months after the October 1, 2018 deadline for Plaintiff to disclose any expert witnesses or reports. Defendants argue that they are prejudiced by this late disclosure, as the dates for Defendants to obtain their own expert witnesses has passed and Defendants have retained no expert witnesses. *Id.* Further, Defendants argue they have insufficient time to engage in complete discovery into Dr. Jennings' opinions, especially in light of the fact that the dispositive motion deadline is January 14, 2019. *Id.* Defendants also argue that Dr. Jennings improperly opines on matters which are not admissible. [DE 121, pg. 4]. Thus, Defendants request that Dr. Jennings be stricken as an expert witness.

Plaintiff filed a Response on December 27, 2018 which also contained an "Alternative Motion to Extend Expert Designation Deadlines." [DE 123]. Plaintiff's first request for an extension of the expert designation deadline therefore came on December 27, 2018, nearly three months after the expiration of Plaintiff's October 1, 2018 deadline to disclose expert witnesses and reports. Moreover, that motion to extend was improperly contained within a Response to Defendants' Motion rather than being filed as a proper stand-alone Motion, something which Plaintiff has been warned against previously. *See* DE 28, pgs. 1-2; DE 108, pg. 16. Plaintiff's position is, in effect, that he tried to find an expert witness; it was difficult to do so; and therefore, he could not disclose the expert's name until December 5, 2018 and could not disclose the expert's report until December 9, 2018. [DE 123, ¶ 1-6]. Plaintiff focuses his argument on the discovery deadline cutoff dates, arguing that Defendants could still discover into Dr. Jennings' report and opinions[1].

Defendants filed a Reply on January 4, 2018. [DE 130]. In reply, Defendants oppose Plaintiff's request for an extension of the expert discovery deadline, arguing that an extension would interfere with preparation for, and the upcoming deadlines of, Daubert motions, dispositive motions, and motions in limine. [DE 130, pg. 2]. Defendants also reject Plaintiff's assertion that he had good cause for missing the expert discovery deadline due to his *pro se* status and inability to find an appropriate expert. [DE 130, pg. 3]. Defendants point out that the Eleventh Circuit has repeatedly found that *pro se* litigants must still comply with the rules of discovery. [DE 130, pg. 4].

---

[1] Plaintiff inexplicably – and inaccurately – asserts that no trial date has been set or is imminent in this case. [DE 123, pg. 6]. However, trial in this case is set for the two week calendar beginning March 11, 2019 and that trial date was set nearly a year before, on April 6, 2018. [DE 8, *see also* DE 17].

3

## II. DISCUSSION AND ANALYSIS

### a. Plaintiff Has Exhibited a Pattern of Violation of Court Orders and of Delay.

The pending Motion cannot be considered in a vacuum. Rather, it must be considered within the context of Plaintiff's prior conduct in this case. The Court notes that Plaintiff has continually violated Court Orders in this case and has continually frustrated the discovery process. Plaintiff has repeatedly set up roadblocks in an effort to delay and dodge his deposition, as documented in the Court's lengthy Order Granting Defendants' Motion for Sanctions and Motion to Compel the Completion of Plaintiff's Deposition and for Sanctions [DE 108, pgs. 2-6]. On November 13, 2018, the Court imposed sanctions against Plaintiff for his failure to comply with this Court's discovery orders, failure to appear for his Court-ordered deposition on September 24, 2018, and for his continued misconduct during the discovery process. [DE 108, pg. 15.]. The instant dispute is unfortunately yet another example of Plaintiff's failure to comply with Court Orders, and evidences Plaintiff's further efforts to delay and frustrate this proceeding. Although this Court is always reluctant to strike a witness, the behavior of Plaintiff leaves this Court with no other choice.

### b. Plaintiff's Request for Oral Argument.

Before proceeding with further analysis, the Court deems it necessary to address Plaintiff's request for an oral argument hearing of "no more than fifteen minutes" on the pending Motion. Plaintiff asks for oral argument to "more completely describe how Plaintiff had a good faith and reasonable belief of an expert witness discovery deadline of December 14, 2018 that was based upon the Court's orders" and to "establish a record in the event that the Court's decision is appealed to the Eleventh Circuit." [DE 123, pg. 7]. However, Plaintiff has had the

4

opportunity to make his record by attaching an affidavit and numerous other documents to his Response [DE 123-1; DE 123-2; DE 123-3], comprising 140 pages of exhibits, which the Court has carefully reviewed and considered. Moreover, Plaintiff agreed to the October 1, 2018 expert disclosure date when he and Defendants filed their Joint Scheduling Report [DE 7, pg. 2]. However, the real problem here is Plaintiff's complete and utter failure to justify why he failed to seek an extension of the October 1, 2018 expert witness/report deadline until December 27, 2018, nearly three months after that deadline expired. He provides no justification as to why he did not seek that relief back in September, 2018 or earlier, and no amount of oral argument can cure that fatal defect. Plaintiff's request for oral argument is unnecessary and is denied as it will not significantly aid the Court in the disposition of the pending dispute. A further hearing will only serve to delay this case further and require Defendants to incur unnecessary attorneys' fees and costs.

c. **Plaintiff Failed to Timely File a Motion for Extension of the Expert Witness/Report Date.**

Pursuant to the Joint Scheduling Report and Discovery Plan filed by the parties on April 3, 2018, Plaintiff was required to disclose any expert witnesses to Defendants on or before October 1, 2018. [DE 7]. This was the date that the parties agreed to and was therefore adopted by the Court per its Order. [DE 8, pg. 2, ¶ 3]. However, Plaintiff failed to disclose his expert's name until December 5, 2018 and failed to disclose his expert's report until December 9, 2018. [DE 123, ¶ 1-6]. Federal Rule of Civil Procedure 16(b)(3)(A) states that a district court must issue a scheduling order that sets a limit on the amount of time to complete discovery. The schedule set forth by the court may only be modified upon a showing of good cause and the Court's consent. Fed. R. Civ. P. 16(b)(4). To establish good cause, the party seeking the

extension must establish that the schedule could not be met despite the party's diligence. *See Fisher v. SP One, Ltd.,* 559 F. App'x 873, 878 (11th Cir. 2014). Plaintiff has utterly failed to establish good cause for his failure to comply with the expert disclosure deadlines agreed to by the parties and adopted by the Court in its Scheduling Order. Plaintiff has also failed to establish good cause for a belated extension of the expert disclosure requirements of the Scheduling Order.

While it is true that Plaintiff is proceeding in this litigation *pro se*, Plaintiff's *pro se* status does not excuse him from complying with the deadlines set by the Court. Plaintiff has been aware of the expert disclosure deadlines, which he agreed to, since the Court entered its Scheduling Order on April 5, 2018. [DE 8]. Any extension of those expert disclosure deadlines will require a discovery extension, a dispositive motion extension, and a continuance of the rapidly approaching trial. Plaintiff had at least five months to obtain an expert witness and failed to do so before the agreed-upon deadline of October 1, 2018. Moreover, Plaintiff's disclosure of his expert occurred over two months after the deadline to do so had passed, without any justification or timely request from Plaintiff for an extension of the deadline agreed to by the parties and set by the Court.

Plaintiff asserts that between April 2018 and October 2018[2], Plaintiff "made over a dozen attempts to secure an economics expert, to no avail." [DE 123, pg. 2]. In such a situation, the proper action to take is to file a motion to extend that expert disclosure deadline – before the expiration of the deadline – in order to find an acceptable expert. Plaintiff utterly failed to do so. Indeed, Plaintiff even stated that he "was able to find a suitable expert willing to work with Plaintiff despite his *pro se* status" on October 16, 2018. [DE 123, pg. 2]. Yet still, Plaintiff unjustifiably waited until December 5, 2018 to disclose any expert name or information to

---

[2] Plaintiff's Response states "Between April 2016 and October 2016" [DE 123, pg. 2], however, the Court assumes that Plaintiff intended to write the year 2018 instead of 2016.

Defendants, until December 9, 2018 to produce the expert's report, and until December 27, 2018 to request an extension of the expert discovery deadline. Plaintiff completely fails to assert any good faith basis as to why he did not disclose the expert's name sooner, why he did not move to extend the agreed-upon expert witness/report disclosure date before it expired on October 1, 2018, or provide any justification as to why he waited until December 27, 2018 to file his belated alternative motion to extend the expert disclosure deadline.

Neither Plaintiff's *pro se* status, nor his asserted difficulty in finding a suitable expert, excuse his failure to seek an extension of the expert discovery deadline before December 27, 2018. His failure to comply with the Scheduling Order cannot be permitted. Thus, the Court finds that Plaintiff has failed to show that he was diligent in attempting to comply with the Court's deadline, and therefore, he has failed to show that there is good cause for an extension of the expert discovery deadline.

### d. Defendants Would Be Prejudiced by the Belated Disclosure of Plaintiff's Expert.

Federal Rule of Civil Procedure 26 requires parties to disclose an expert witness and the basis of their expert opinion in a timely manner. This rule is intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Reese v. Herbert,* 527 F.3d 1253, 1265 (11th Cir. 2008) (citing *Sherrod v. Lingle,* 223 F.3d 605, 613 (7th Cir.2000) (quoting Fed. R. Civ. P. 26(a)(2) advisory committee's note)). Pursuant to Rule 37(c), if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c). As discussed above, the

Court has already determined that Plaintiff's failure to disclose his expert in a timely manner, or seek a timely extension of the Scheduling Order's requirements, was not substantially justified. The Court also finds that Plaintiff's failure is not harmless.

The Court finds that Defendants would be severely prejudiced by this late disclosure. Defendants are now unable to retain an expert in rebuttal to the assertions of Plaintiff's expert at this late stage in the litigation. Dispositive motions are due on January 14, 2019 [DE 105] and trial is set for the trial period beginning March 11, 2019. [DE 8]. The Court also finds that it would be unduly burdensome to require Defendants to depose Plaintiff's expert at this late date. Further, there is insufficient time, at this stage of the litigation, to request any additional discovery required as a result of the expert's deposition, without disrupting the dispositive motion deadline and trial date. Plaintiff's *pro se* status does not absolve him of his responsibility to comply with the Court's scheduling requirements. *See Watkins v. Regions Mortg. Inc.*, 555 F. App'x 922, 925 (11th Cir. 2014) (citing *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir.2011)). It is clear that Plaintiff's late disclosure of his expert would severely prejudice Defendants, and wreak havoc with the Court's dispositive motion deadline and trial date. Therefore, striking Plaintiff's expert is both necessary and appropriate.

### III. Conclusion

In light of the foregoing, Defendants' Motion to Strike Plaintiff's Expert Frederic B. Jennings, Jr., and for Sanctions [DE 121] is **GRANTED IN PART AND DENIED IN PART**. Frederic B. Jennings is hereby stricken and may not testify at trial. Plaintiff may not rely upon or otherwise use, either directly or indirectly, any reports or records that Dr. Jennings has prepared or produced at any point in this case, including in dispositive motions, responses, or at trial. To

the extent that Defendants' Motion seeks further relief, the Motion is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 8th day of January, 2019.

*William Matthewman*
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE