UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CV-80305-DIMITROULEAS/MATTHEWMAN

KENNETH WOLINER, M.D.,

    Plaintiff,

vs.

MARTHA SOFRONSKY, KRISTEN
SUMMERS, LOUISE WILHITE ST.
LAURENT, AND LUCY GEE,

    Defendants.
_____/



FILED BY ___ D.C.

JAN 10 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

**ORDER DETERMINING AMOUNT OF ATTORNEYS' FEES, COSTS AND EXPENSES TO BE PAID BY PLAINTIFF, KENNETH WOLINER, TO DEFENDANTS KRISTEN SUMMERS, LOUISE ST. LAURENT, AND LUCY GEE PURSUANT TO THIS COURT'S ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS DATED NOVEMBER 13, 2018 [DE 108]**

**THIS CAUSE** was originally before the Court upon Defendants, Kristen Summers, Louise St. Laurent, and Lucy Gee's ("Defendants") Motion for Sanctions [DE 77] and Motion to Compel the Completion of Plaintiff's Deposition and for Sanctions [DE 89]. This Court previously granted Defendant's Motion for Sanctions [DE 77] and Motion to Compel the Completion of Plaintiff's Deposition and for Sanctions [DE 89] and determined that Plaintiff shall be required to pay Defendants' reasonable expenses, costs and attorneys' fees in relation to the scheduled September 24, 2018 deposition, Defendants' Motion for Sanctions [DE 77], the costs associated with the second deposition of Defendant, and Defendants' Motion to Compel the Completion of Plaintiff's Deposition and for Sanctions [DE 89]. Accordingly, this Court must

now determine the appropriate amount of attorneys' fees, costs and expenses to be awarded to Defendants Summers, St. Laurent, and Gee. *See* DE 108, pg. 17.

## I. BACKGROUND

The Court previously entered an Order Granting Defendants' Motion for Sanctions and Motion to Compel the Completion of Plaintiff's Deposition and for Sanctions. *See* DE 108. In that Order, the Court stated that it would award Defendants Summers, St. Laurent, and Gee their reasonable expenses in retaining a court reporter for the scheduled September 24, 2018 deposition, and Defendants' attorneys' fees for researching and drafting the Motion for Sanctions [DE 77], reviewing and researching Plaintiff s Response, researching and drafting Defendants' Reply, as well as the time spent in reviewing and complying with Court Orders to take Plaintiff's deposition, subsequent to the September 24, 2018 Court Order; and Defendants' reasonable costs in connection with the second deposition, including the court reporter's fee and the cost of the second deposition transcript, and attorneys' fees in researching and drafting Defendants' Motion to Compel the Completion of Plaintiff's Deposition and for Sanctions [DE 89], Plaintiff's Response and Cross-Motion [DE 99], and Defendants' Reply [DE 102].

In order to determine the appropriate amount of attorneys' fees, costs, and expenses to be awarded to Defendants, this Court required Defendants to file an affidavit documenting all attorneys' fees, costs, and expenses incurred, including the amount of attorneys' fees sought, hours expended, services rendered, and hourly rate sought. *See* DE 108. The Court then ordered Plaintiff to file a response or objection to the hourly rate claimed by Defendants' counsel and the number of hours incurred by counsel which relate to the scheduled September 24, 2018 deposition, Defendants' Motion for Sanctions [DE 77], the costs associated with the second

deposition of Defendant, and Defendants' Motion to Compel the Completion of Plaintiff's Deposition and for Sanctions [DE 89]. *See* DE 108.

## II.  AFFIDAVIT, RESPONSE, AND REPLY

### A. Defendants' Affidavit

Defendants filed a Notice of Compliance with Court Order DE 108 on December 4, 2018. [DE 119]. Defendants attached the required Affidavit from their counsel to the Notice. [DE 119-1]. In the Affidavit of James O. Williams, Jr., Esq., Mr. Williams seeks attorneys' fees in the amount of $1,992.50 and costs in the amount of $100. [DE 119-1, pg. 3]. That Affidavit did not contain costs related to the second deposition of Plaintiff, which took place on December 5, 2018. Defendants filed an Amended Notice of Compliance [DE 127] on December 27, 2018, which included an Amended Affidavit by Mr. Williams. The Amended Affidavit detailed the fees and costs for the continuation of Plaintiff's deposition on December 5, 2018, in the amount of $576.20. [DE 127-1, pg. 6]. Defendants seek an hourly rate of $95.00 for attorney time and $40.00 for paralegal time.

### B. Plaintiff's Response in Opposition

Plaintiff filed his Compliance with Court Order DE 108 and Response/Objections to Defense Counsel's Request for Fees and Costs on December 27, 2018. [DE 124]. In his Response, Plaintiff states that he has significant debt, and notes that the Court allowed him to pursue his appeal to the Eleventh Circuit *in forma pauperis.* [DE 124, pgs. 1-2]. Plaintiff asserts that the Court's sanction of denying his Motion to Amend Complaint was severe, "certainly has punished Plaintiff, and has acted as an effective deterrent." [DE 124, pg. 2]. Plaintiff asks the Court to consider his "dire financial status" and the fact that he is not permitted to work pursuant

to the American Bar Association Restrictions and Nova Law School's policies, and find that an award of attorneys' fees would be unjust in light of Plaintiff's inability to pay. [DE 124, pg. 2-4]. Finally, Plaintiff asks that if monetary sanctions are imposed, the sanctions be limited to $100.00 for the expenses incurred for the court reporter, and that a payment plan be established. [DE 124, pg. 5].

### C. Defendants' Reply

Defendants filed a Notice of Compliance with Court Order DE 108 and Reply to Plaintiff's Response/Objections to Defense Counsel's Requests for Fees and Costs [DE 124]. In reply, Defendants note that Plaintiff failed to object to the rate and hours claimed by Defendants' counsel. [DE 124, pg. 2]. Defendants also reject Plaintiff's argument that fees and costs should not be imposed because Plaintiff is indigent, pointing out that Plaintiff has "demonstrated an ability to pay legal costs associated with his case" including costs of transcripts, depositions, and an expert. *Id.*

### III. <u>DISCUSSION</u>

A reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Am. Civil Liberties Union v. Barnes*, 168 F. 3d 423, 427 (11th Cir. 1999) (*quoting Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained by the attorney. *See Barnes*, 168 F. 3d at 427 (*citing Loranger v. Stierheim*, 10 F. 3d 776, 781 (11th Cir. 1994)). "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway*

4

*Express, Inc.*, 488 F. 2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F. 3d 1348, 1350 (11th Cir. 2008). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1350 n. 2 (citation omitted).

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F. 3d at 436 (*quoting Norman v. Housing Auth. of Montgomery*, 836 F. 2d 1292, 1299 (11th Cir. 1999)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F. 3d at 427. The Court may use its own experience in assessing the reasonableness of attorneys' fees. *Norman*, 836 F. 2d at 1299; *Touzout v. Am. Best Car Rental KF Corp.*, No. 15-61767-CV, 2017 WL 2541225, at *1 (S.D. Fla. June 12, 2017).

With regard to the type of evidence that the fee claimant should produce in support of a claim, in *Barnes*, the Eleventh Circuit has stated,

> The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F. at 1303. That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id.* (citations omitted).

5

168 F. 3d at 427.

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F. 3d at 428 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exclude "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the court must exercise billing judgment for them. *See Barnes*, 168 F. 3d at 428 (*quoting Norman*, 836 F. 2d at 1301 (*emphasis in original*)). The burden rests on the fee applicant to submit a request for fees that will enable the court to determine how much time was reasonably expended. *Loranger*, 10 F. 3d at 782.

When responding to motions for attorney's fees, opponents are required to lodge specific objections to any requests. *See Barnes*, 168 F. 3d at 427 (stating that objections from fee opponents must be to be specific and "reasonably precise"); *Norman*, 836 F. 2d at 1301 ("[a]s the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should the objections from fee opponents.") Failing to lodge specific objections is generally deemed fatal. *See, e.g., Gray v. Lockheed Aeronautical Sys. Co.*, 125 F. 3d 1387, 1389 (11th Cir. 1997); *Scelta v. Delicatessen Support Srvcs. Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002).

### A. Counsel's Hourly Rate

In seeking reimbursement for their attorneys' fees, Defendants rely on the billing records of their attorney, Mr. James O. Williams, Jr., Esq. [DE 127-1, pgs. 4-7]. Defendants seek $1,992.50 in attorneys' fees and paralegal fees, at $95.00 per hour for attorney James O. Williams and for attorney Jessica R. Butler of Williams, Leininger, & Cosby, P.A. and $40.00

per hour for paralegal JL. [DE 127-1, pg. 3]. In support of Defendants' request, Mr. Williams stated in his Amended Affidavit that he has been a member of the Florida Bar since 1986 and he is a partner at Williams, Leininger, & Cosby, P.A. [DE 127-1, pg. 1]. Defendants failed to include any biographical information of attorney Jessica R. Butler and failed to include the identity and qualifications of paralegal JL. However, Plaintiff does not challenge the hourly rates of counsel as unreasonable. Based upon the Court's own knowledge and experience, the Court finds that $95.00 per hour for attorney time and $40.00 per hour for paralegal time is reasonable in this case.

### B. Number Of Hours Reasonably Expended

Next, the Court must determine whether the number of hours billed were related to the scheduled September 24, 2018 deposition, Defendants' Motion for Sanctions [DE 77], the second deposition of Defendant, and Defendants' Motion to Compel the Completion of Plaintiff's Deposition and for Sanctions [DE 89]. In Mr. William's Amended Affidavit, he asserts that he, Ms. Butler, and his paralegal spent a total of 20.7 hours in connection with retaining a court reporter for the September 24, 2018 deposition, researching and drafting Defendants' Motion for Sanctions [DE 77], reviewing and researching Plaintiff's Response, researching and drafting Defendants' Reply, reviewing and complying with the Court's Order to take Plaintiff's deposition after September 24, 2018, researching and drafting Defendants' Motion to Compel the completion of Plaintiff's Deposition and for Sanctions [DE 89], reviewing Plaintiff's Response and Cross-Motion, and researching and drafting Defendants' Reply. [DE 127-1, pg. 2]. The Court has carefully reviewed the time entries, and does not find the 20.7 hours billed for the drafting and litigation of two discovery motions and multiple communications with

Plaintiff regarding the rescheduling of Plaintiff's deposition to be excessive, redundant or unnecessary. It is clear that Defendants' counsel exercised prudent billing judgment in recording time entries. Moreover, Plaintiff has not objected to any of the hours claimed by Defendants' counsel.

### C. Calculation of Lodestar Amount

The Court finds the hourly rate requested by Defendants' counsel and the number of hours expended by counsel to be reasonable. Therefore, the Court will award a total amount of $1,922.50 in attorneys' fees to Defendants Summers, St. Laurent, and Gee.

### D. Costs

Defendants seek an award of $676.20 in costs. [DE 127-1, pg. 6]. Specifically, Defendants seek $100.00 for the cancellation fee of Plaintiff's September 24, 2018 deposition from Palm Beach Reporting Service, Inc. and $576.20 for the attendance and transcript fees of Plaintiff's second deposition December 5, 2018. *Id.* Plaintiff does not object to these costs. These costs were specifically awarded by the Court in its November 13, 2018 Order [DE 108]. Therefore the Court finds that these costs are reasonable, and awards Defendants costs in the amount of $676.20.

### E. Plaintiff's Financial Status

Plaintiff asks the Court to find that a monetary award of attorneys' fees would be unjust in light of Plaintiff's status as a *pro se* litigant proceeding *in forma pauperis*. A *pro se* litigant proceeding *in forma pauperis* remains subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837–38 (11th Cir. 1989). These rules provide for sanctions for misconduct and for failure to comply with court orders. *Id.*

8

If a *pro se* litigant ignores a discovery order, he is and should be subject to sanctions like any other litigant. *Id.* Courts can assess costs and monetary sanctions against IFP litigants. *Id.* (citing *Harris v. Forsyth,* 742 F.2d 1277 (11th Cir.1984) ("a court has discretion to award costs against indigents 'as in other cases' "); *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir.1986) (imposition of $1,000 fine on inmate litigant not presumptively objectionable); *Carter v. United States,* 733 F.2d 735, 737 (10th Cir. 1984), *cert. denied,* 469 U.S. 1161, 105 S.Ct. 915, 83 L.Ed.2d 928 (1985) ("We agree that sanctions are an appropriate remedy to prevent abuse of the judicial process. Restrictive conditions, other than total preclusion, which are available include assessment of damages to the prevailing party and imposition of single or double costs."); *Toner v. Wilson,* 102 F.R.D. 275, 276 (M.D.Pa.1984) (award of attorneys' fees for violation of discovery orders permissible despite party's poverty and *pro se* status)).

Where monetary sanctions are imposed on an *in forma pauperis* litigant and the litigant comes forward showing a true inability to pay, it might be an abuse of discretion for the court then to dismiss for failure to pay. *See Herring v. Whitehall,* 804 F.2d 464, 468 (8th Cir.1986); *Hornbuckle v. Arco Oil & Gas Co.,* 732 F.2d 1233 (5th Cir.1984), *cert. denied,* 475 U.S. 1016, 106 S.Ct. 1198, 89 L.Ed.2d 312 (1986); *Thomas v. Gerber Productions,* 703 F.2d 353 (9th Cir.1983). However, the Court is not herein considering dismissal of Plaintiff's lawsuit as a sanction, and there is insufficient evidence for the Court to find that Plaintiff has a true inability to pay. Plaintiff's *in forma pauperis* status alone does not make obvious his inability to pay any costs whatsoever. *Moon,* 863 F.2d at 838. It is clear that Plaintiff has demonstrated an ability to pay legal costs like the costs of transcripts and three witness depositions, and he was able to retain an economics expert. [DE 131, pg. 2]. In this case, the facts do not support the exercise of

the Court's discretion to reduce the sanctions award. Plaintiff himself brought the action in the first place, affirmatively invoked the jurisdiction of this Court, and aggressively pursued this case. Plaintiff has also engaged in a pattern of discovery violations. *See* DE 108. Plaintiff should not be able to shield himself from an award of attorneys' fees and costs incurred by Defendants, especially since the award is not unreasonably high under the facts of this case.

## IV. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Plaintiff, Kenneth Woliner shall reimburse Defendants, Kristen Summers, Louise St. Laurent, and Lucy Gee, for their attorneys' fees in the amount of $1,922.50, and costs in the amount of $676.20, for a total of $2,598.70. Plaintiff is hereby **ORDERED** to pay the sum of $2,598.70 to Defendants on or before **February 21, 2019**. The check, money order, cashier's check, or wire transfer shall be made payable to the trust account of Defendants' attorney, Mr. James O. Williams, Jr. of Williams, Leininger, & Cosby, P.A. Should Plaintiff fail to pay the sum of $2,598.70 in full on or before February 21, 2019, Defendants shall have the right to file an affidavit of non-payment stating the amount unpaid, and an appropriate motion seeking entry of a judgment against Plaintiff, contempt, or other appropriate relief.

**DONE AND ORDERED** in Chambers this 10th day of January, 2019 at West Palm Beach, Palm Beach County, in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE