UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-80305-Dimitrouleas/Matthewman

KENNETH WOLINER, M.D.,

     Plaintiff,

v.

MARTHA SOFRONSKY, KRISTEN
SUMMERS, LOUISE WILHITE ST.
LAURENT, and LUCY GEE,

     Defendants.

_____/

FILED BY_____ D.C.

JAN 16 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## ORDER DENYING PLAINTIFF'S NOTICE OF NON-COMPLIANCE/MOTION TO COMPEL NON-PARTY FLORIDA DEPARTMENT OF HEALTH'S PRODUCTION OF DOCUMENTS, FOR CIVIL CONTEMPT AND FOR SANCTIONS [DE 129]

**THIS CAUSE** is before the Court upon *pro se* Plaintiff, Kenneth Woliner's Notice of

Non-Compliance with DE 120/Plaintiff's Motion to Compel Non-Party Florida Department of

Health's Production of Documents, for Civil Contempt and for Sanctions [DE 129]. This matter

was referred to the undersigned by United States District Judge William P. Dimitrouleas upon an

Order referring all discovery to the undersigned for final disposition. *See* DE 17. As stated in this

Court's prior Order dated January 9, 2019 [DE 138], the Court has Plaintiff's Notice/Motion under

consideration as it relates to the non-party Florida Department of Health. The non-party Florida

Department of Health has filed a Response [DE 142] and Plaintiff has filed a Reply. [DE 146]. The

matter is now ripe for disposition.

1

## I.     FACTUAL BACKGROUND

On January 3, 2019, Plaintiff filed a Notice/Motion to compel documents from non-party Florida Department of Health ("DOH"), to hold DOH in civil contempt for its alleged failure to fully comply with a subpoena, and for sanctions. [DE 129].

On January 9, 2019, the Court issued an initial Order on Plaintiff's Motion, which denied the Motion to the extent that it was directed to the individual Defendants in this case, and which directed DOH to file a response on or before January 11, 2019 at 12:00 noon. [DE 138]. Counsel for DOH complied and timely filed the Response on January 11, 2019. [DE 142]. Upon review of DOH's Response, the Court entered a Supplemental Order which allowed Plaintiff until on or before January 14, 2019 at 12:00 noon to file his reply. [DE 145]. Plaintiff timely complied and filed his Reply on January 14, 2019. [146].

### A.  Plaintiff's Notice/Motion [DE 129]

First, in his January 3, 2019 Notice/Motion [DE 129], Plaintiff complains that DOH did not timely produce all responsive documents and did not provide a privilege log. As to the timeliness issue, Plaintiff's Notice/Motion [DE 129] complains that DOH did not produce responsive documents until December 17-18, 2018, although DOH was allegedly required to produce them by December 14, 2018. As to the failure to produce all responsive documents, Plaintiff claims that he was not provided with an "electronic log" of actions in "the Woliner Disciplinary Case" [DE 129, pg. 4, ¶ 16], a "screenshot of the computer screen" [DE 129, pg. 4, ¶ 17], "documents (email and other communications) detailing how the complaint against Plaintiff's license was closed and reopened" [DE 129, pg. 4, ¶ 17], or un-redacted emails [DE 129, pg. 3, ¶ 13]. Plaintiff claims in his

Notice/Motion that he has been prejudiced because DOH did not produce the documents to him by December 14, 2018. [DE 129, pg. 4, ¶ 19].

**B. Response of Non-Party Florida Department of Health [DE 142]**

In its Response, the DOH claims that Plaintiff filed his Notice/Motion in bad faith, failed to comply with applicable rules, misstated the factual background, and seeks to mislead the Court. [DE 142, pg. 1, ¶ 1]. DOH asserts that it has diligently endeavored to provide responsive documents to Plaintiff and continues to do so. [DE 142, pg. 1, ¶ 2]. DOH claims that the documents were inadvertently not produced to Plaintiff on Friday, December 14, 2018, and once that error was discovered, the documents were immediately produced to Plaintiff on Monday, December 17, 2018 via electronic link. [DE 142, pgs. 2-3, ¶ 3-8]. DOH also claims that its tracking of the file shows that Plaintiff downloaded the documents on December 17, 2018 at 12:04 p.m., despite Plaintiff's claim that he was unable to download the documents on that date. [DE 142, pg. 3, ¶ 9-10]. In fact, DOH attached an Exhibit to its Response which shows that Plaintiff viewed the electronic file on December 17, 2018 at 11:32 a.m. and downloaded the documents on December 17, 2018 at 12:04 p.m. [DE 142-1]. DOH asserts that Plaintiff failed to confer in good faith before filing his Notice/Motion [DE 129] and that Plaintiff is in possession of the requested documents. [DE 142, pgs. 3-5]. DOH notes that Plaintiff's medical license was revoked for committing malpractice resulting in patient death. [DE 142, pg. 4, ¶ 15]. DOH asserts that Plaintiff requested and received thousands of documents from the DOH and made hundreds of public records requests prior to, during, and since that medical license revocation proceeding. [DE 142, pg. 4]. DOH asserts that it did not redact documents in response to requests 5-7, 9-12, 30, 31, 36, 37, 38, 39, 40 and 41 and that those documents were produced as they exist in the DOH email database. [DE

142, pg. 4, ¶ 18]. DOH also notes that it has provided additional documents to Plaintiff after DOH received his Notice/Motion, and that Plaintiff has received all responsive documents by way of DOH's response to the subpoena, DOH's responses to public record requests from Plaintiff, DOH's production in a separate state matter, and DOH's production in regards to the medical license revocation proceeding, and that their searches for the remaining outstanding requests did not locate any additional responsive documents. [DE 142, pgs. 4-5, ¶ 15-23]. DOH requests that the Court deny Plaintiff's Notice/Motion and impose sanctions against Plaintiff. [DE 142, pg. 6].

### C. **Plaintiff's Reply [DE 146]**

Plaintiff's Reply [DE 146] claims that 1) he was supposed to get documents on Friday, December 14, 2018 and did not receive them by that date, thereby "severely prejudicing" him [DE 143, pg. 2, ¶ 3]; 2) he received the electronic file of documents from DOH on December 17, 2018 at 11:40 a.m. but could not open the documents as they were in a compressed file [DE 146, pg. 3, ¶ 7-8]; 3) on December 17-18, 2018, DOH provided "some (but not all) responsive documents in its possession" [DE 146, pg. 6]; 4) on January 10, 2019, DOH provided 3,829 pages of additional responsive documents [DE 146, pg. 3, ¶ 11]; and 5) he tried to confer with DOH but could not do so because he could not reach anyone at DOH and DOH counsel Mr. Williams never alerted Plaintiff that DOH was producing an additional 3,829 pages of documents so that Plaintiff "could have withdrawn his Motion to Compel." [DE 146, pg. 5].

The sanctions Plaintiff seeks against DOH are 1) that the Court order that the DOH comply with the Court's December 7, 2011 [sic] Order and produce all responsive documents, including the electronic "case history" that is responsive to Request No. 90; and 2) in the alternative, that the

Court enter "an order that facts in dispute be taken to be established in favor of the party seeking the motion" per Federal Rule of Civil Procedure 37(b)(2). [DE 146, pg. 6].

## II. FINDINGS AND ANALYSIS

The Court has carefully reviewed Plaintiff's Notice/Motion [DE 129], DOH's Response [DE 142], and Plaintiff's Reply [DE 146]. The Court has also carefully reviewed the CD-ROM filed by Plaintiff [DE 139, DE 143], which CD-ROM contains numerous documents responsive to Plaintiff's subpoena produced by DOH to Plaintiff via electronic link on December 17, 2018 and via CD-ROM on December 18, 2018. The Court addresses the relevant issues below.

### A. Plaintiff's Failure to Confer in Good Faith Pursuant to Local Rule 7.1(a)(3) and Federal Rule of Civil Procedure 37(a)(1)

As a threshold matter, Local Rule 7.1(a)(3) requires a movant or a movant's counsel to "confer (orally or in writing)" or "make reasonable effort to confer (orally or in writing)" with all parties in a "good faith effort to resolve by agreement the issues to be raised in the motion." Failure to confer or to show a good-faith attempt to confer, by itself, constitutes grounds for the motion to be denied. *Silver Creek Farms, LLC v. Fullington*, No. 16-80353-CV, 2018 WL 1413064, at *3 (S.D. Fla. Mar. 20, 2018) (citing *Muzaffarr v. Ross Dress for Less, Inc.*, 941 F. Supp. 2d 1373, 1373 (S.D. Fla. 2013)). The Court's Order Setting Discovery Procedure [DE 18] requires good faith conferral in person or by telephone before a discovery motion is filed.

Plaintiff included a Certificate of Compliance with Local Rule 7.1(a)(3), in which he certified that he contacted counsel DOH by email on December 17, 2018, and then called counsel on December 31, 2018. [DE 129, pg. 7]. However, it appears that Plaintiff never spoke with counsel for DOH after receiving and reviewing the documents on December 17-18, 2018. It also appears, from screenshots of Plaintiff's iPhone which he attached to his Reply, that Plaintiff solely

attempted to contact Michael Williams, counsel for DOH, at 8:32 a.m. on December 31, 2018. [DE 146, pg. 17]. The offices of the Florida Department of Health, like that of many other state and federal agencies, were closed on December 31, 2018, which was New Years' Eve. While it is true that December 31, 2018 was apparently not an official state holiday, the Court has no doubt that the representation of Michael J. Williams, Esq., counsel for DOH, that the offices of the Department of Health were closed on December 31, 2018 [DE 142, pg. 3, ¶ 12] is completely accurate. The Court does not find that Plaintiff's single phone call to DOH counsel on the morning of New Years' Eve, on which date business and government offices are frequently closed constitutes a reasonable effort to confer in good faith, as required. Further, Plaintiff had the documents in his possession for two weeks prior to the single phone call to counsel for DOH, and easily could have made more efficient good faith attempts to confer with counsel prior to the holiday weekend.

Indeed, it is quite possible, even probable, that had Plaintiff complied with the local rule and this Court's Order Setting Discovery Procedure and made a good faith effort to personally confer with counsel for DOH, Plaintiff could have resolved this issue with counsel for DOH and avoided the necessity of filing his Notice/Motion. In this regard, Plaintiff even argues in his Reply that had he known DOH was going to produce an additional 3,829 pages of documents, he would have withdrawn his Motion. [DE 146, pg. 5]. This is precisely why good faith conferral is so important. Plaintiff's failure to fully comply in good faith with the conferral requirements of Local Rule 7.1(a)(3) and this Court's Order Setting Discovery Procedure [DE 18] provides the Court sufficient grounds to deny Plaintiff's Notice/Motion without further analysis. *See Silver Creek Farms, LLC,* 2018 WL 1413064, at *3. Plaintiff's Notice/Motion is accordingly **DENIED**

on that basis. However, the Court will nevertheless review the substantive bases of the Motion and rule on the merits as well.

**B. Plaintiff Was Dilatory in Issuing a Proper Subpoena to DOH and Therefore Cannot Claim Prejudice Due to Any Alleged Late Production by DOH**

Plaintiff's claim that he is severely prejudiced because instead of receiving the responsive documents on Friday, December 14, 2018, he received the first batch of documents from DOH between Monday, December 17, 2018 and Tuesday, December 18, 2018, and the second set of 3,829 pages of documents from DOH on January 10, 2019, is without merit. First, it must be noted that this case was first filed in state court and was then removed to federal court on March 9, 2018. [DE 1]. On April 4, 2018, the Court issued a Scheduling Order which set a discovery cut-off date of November 14, 2018, a substantive motion deadline of December 14, 2018, and a two week trial period beginning March 11, 2019. [DE 8].

Despite these deadlines, Plaintiff waited almost six months – until September 30, 2018 – to serve upon the Defendants (and presumably, DOH) a defective and improper "Notice of Production of Non-Parties," to which Defendants correctly objected and filed a meritorious motion for protective order on October 5, 2018. [DE 82]. Thereafter, despite the filing of Defendants' objection and motion for protective order on October 5, 2018, Plaintiff nonetheless filed a Certificate of Non-Objection to the Notice of Production on October 12, 2018. [DE 84].[1] Plaintiff's improper conduct in this regard first resulted in the Court's October 30, 2018 Order which granted Defendants' motion for protective order. [DE 92]. In that Order, the Court, *inter alia,* found that to the extent Plaintiff intended to issue a subpoena under Federal Rule of Civil Procedure 45 per the Notice of Production from Non-Party, any resultant subpoenas were quashed

---

[1] The Court has previously found that Plaintiff's Certification of Non-Objection was inaccurate and misleading to this Court. [DE 96, pgs. 6-7].

"without prejudice to Plaintiff s ability to issue a proper, clear and specific request for production under Rule 34 and Rule 26(b)(1), or to issue a proper subpoena to a non-party after full compliance with the requirements of Rule 45 and Rule 26(b)(l), in a timely manner in accordance with the Court's Scheduling Order." [DE 92, pgs. 3-4].

Plaintiff's conduct in this regard also resulted in yet another Court Order dated November 1, 2018 [DE 96], which Order granted Defendants' motion for protective order from the non-party subpoena issued to DOH [DE 87]. That November 1, 2018 Court Order [DE 96, pgs. 5-6] again stated that it was issued without prejudice to Plaintiff's ability to issue a proper subpoena to the non-party which complies with Rule 45 and Rule 26(b)(1), all conferral requirements, the Court's Order Setting Discovery Procedure [DE 18], and the Scheduling Order [DE 8].[2]

Then, on November 13, 2018 – more than seven months after the entry of the Scheduling Order – Plaintiff filed his Rule 45(a)(4) Notice of Subpoena to Non-Party, the Florida Department of Health [DE 110]. This resulted in a motion for protective order filed by Defendants on November 21, 2018 [DE 116] and a subsequent Court Order dated December 7, 2018, which granted in part and denied in part Defendants' motion for protective order [DE 120]. This Court Order was entered seven days before the expiration of the extended discovery cut-off date of December 14, 2018[3], due to Plaintiff's dilatory conduct of belatedly issuing a vague and overbroad subpoena to the DOH.

---

[2]At the time of the entry of this Court's order dated November 1, 2018, the discovery motion deadline was November 14, 2018 and the substantive motion deadline was December 14, 2018 [DE 8]. However, due to various deposition disputes, the Court, by order dated November 13, 2018, extended the discovery motion deadline until December 14, 2018, and the dispositive motion deadline until January 14, 2019. [DE 105].
[3]*See* f.n.2, *supra.*

The Court points out this timeline because Plaintiff's claim that he was "severely prejudiced" because DOH produced its first batch of responsive documents to him on December 17 - 18, 2018, and then the second batch of documents on January 10, 2019, is due primarily to Plaintiff's own dilatory conduct in waiting until the eleventh hour to issue a subpoena to non-party DOH which required extensive and repeated court intervention. It is therefore clear that DOH's alleged two-day delay in providing the initial documents to Plaintiff was not prejudicial to Plaintiff. Moreover, the additional time until DOH produced the 3,829 pages of documents to Plaintiff on January 10, 2019 was reasonable and did not prejudice Plaintiff. Plaintiff has only himself to blame for any alleged last-minute production from the non-party DOH.

**C. The Extensive Production by DOH Belies Plaintiff's Claim of Severe Prejudice**

The CD-ROM produced to Plaintiff, which this Court has carefully reviewed, contains an extensive amount of discovery. Additionally, on January 10, 2019, DOH produced to Plaintiff 3,829 pages of additional documents. Moreover, Plaintiff has made hundreds of public records requests to DOH, and has received thousands of documents from DOH over the years in reference to his medical license revocation and related issues. Plaintiff's claim of severe prejudice is false and belied by the facts and the record in this case. DOH has asserted in its response that it has fully complied with the Court's December 7, 2018 Order and has cured any inadvertent and initial failure made by forwarding documents directly to Plaintiff. *See* DE 142, pg. 4, ¶ 20. DOH also maintains that it has previously provided Plaintiff[4] with "all emails to and from Defendant Sofronsky in a separate state court matter." [DE 142, pg. 4, ¶ 21]. The Court

---

[4] DOH's Response actually refers to "Defendant" but, given the context, the Court understands this to be an error and that counsel for DOH intended to write "Plaintiff."

agrees with, and the record and exhibits support, DOH's contention that it has fully complied with Plaintiff's extensive requests for documents. No further documents need to be produced as DOH has fully complied in good faith with the subpoena as limited by the Court in its Order, and Plaintiff clearly has all the documents he needs to attempt to prosecute his case.

### D. DOH Acted Diligently and Produced an Extensive Amount of Documents on Short Notice

The Court finds that DOH acted diligently and in good faith, and rapidly produced an extensive amount of documents to Plaintiff on a very short deadline. Moreover, the Court has reviewed all relevant filings and finds that DOH's argument that it has produced all responsive documents is accurate. This Court will not order DOH to produce documents it does not have in its possession, custody, or control. The Court finds that DOH has fully complied with its obligations and provided all documents subpoenaed by Plaintiff as specified by the Court in its Order at DE 120.[5] Therefore, Plaintiff's Motion to Compel DOH to comply with the Court's Order and produce additional documents is **DENIED.**

### E. Plaintiff's Request for Sanctions Against DOH Pursuant to Federal Rule of Civil Procedure 37 is Frivolous/DOH's Request for Sanctions is Denied

The Court rejects Plaintiff's request for sanctions against DOH to the effect that the Court find that "facts in dispute be taken to be established." [DE 146, pg. 6]. DOH is not a party to this case. There are no facts in dispute between Plaintiff and DOH, and thus Federal Rule of Civil Procedure 37(b)(2) is wholly inapplicable to this case. Plaintiff's request for sanctions is **DENIED.**

---

[5] Plaintiff's complaint that DOH failed to prepare a privilege log is rejected. No claim was of privilege was asserted by DOH. Thus, pursuant to Local Rule 26.1(e)(2)(C), the DOH was not required to prepare any privilege log in this case.

Moreover, Plaintiff appears to seek an award of attorneys' fees and costs against DOH under Federal Rule of Civil Procedure 37. [DE 129, pg. 6]. This request is frivolous and is **DENIED.**

Finally, Non-Party DOH also requests an award of expenses and attorneys' fees against Plaintiff. The Court has considered this request but will exercise its discretion to deny DOH's request for attorneys' fees and expenses.

### III.    CONCLUSION

In light of the foregoing, Plaintiff's Notice of Non-Compliance with DE 120/Plaintiff's Motion to Compel Non-Party Florida Department of Health's Production of Documents, for Civil Contempt and for Sanctions [DE 129] is hereby **DENIED**. The Court finds that discovery in this case is **CLOSED** per DE 105.

The Clerk of Court is directed to mail a copy of this Order to Michael J. Williams, Esq., Chief Legal Counsel, Office of the General Counsel, Florida Department of Health, 4052 Bald Cypress Way, Bin # A-02, Tallahassee, Florida, 32399-3265; and to Christine E. Lamia, Esq., Chief Appellate Counsel, Florida Department of Health, Office of the General Counsel, Florida Department of Health, 4052 Bald Cypress Way, Bin # A-02, Tallahassee, Florida, 32399-3265.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 16th day of January, 2019.

WILLIAM MATTHEWMAN
United States Magistrate Judge