IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:18-CV-80305-WPD

KENNETH N. WOLIMER, M.D.

    Plaintiff,

v.

MARTHA SOFRONSKY, KRISTEN
SUMMERS, LOUISE WILHITE ST. LAURENT,
AND LUCY GEE

    Defendants
_____/

**DEFENDANT MARTHA SOFRONSKY'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rules of Civil Procedure 56(a) and Southern District Local Rules 56.1, by and through the undersigned counsel, defendant, Martha Sofronsky, files this Motion for Summary Judgment and Incorporated Memorandum of Law. Defendant seeks judgment in her favor as to Count I and Count IV of the Plaintiff's Complaint. As grounds for this motion, defendant state as follows:

1. Plaintiff, Kenneth Woliner, has filed a four-count complaint, where he alleges various causes of actions against defendant Martha Sofronsky and three other co-defendants.

2. Specifically, as to defendant Sofronsky, in Count I of his complaint Plaintiff alleges that Defendant illegally intercepted and used oral communications in violation of Florida Statutes 934.03, 934.06, and 934.10.

3.      Secondly, as to defendant Sofronsky, Count IV of Plaintiff's complaint alleges that Defendant Sofronksy along with codefendants engaged in outrageous conduct to deliberately or recklessly inflict mental suffering and emotional distress upon Plaintiff.

4.      As to Count I, Defendant seeks judgment against Plaintiff, as Defendant's actions do not fall under the statutes for illegal interception and use of an oral communication, as such Plaintiff cannot maintain a cause of action against defendant for Count I.

5.      As to Count IV, Defendant seeks judgment against the Plaintiff as Plaintiff is unable to establish the criteria for a claim of intentional infliction of emotional distress and as such cannot maintain a cause of action for the same.

6.      There is no genuine dispute as to any material facts between the parties.

## STANDARD

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to Judgment as a matter of law." Fed.R.Civ.P. 56(a).  This Court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant party.  *Adickes v. S.H. Kress & Co.,* 398 US 144 (1970).

## FACTS

The Plaintiff, Kenneth Woliner, treated the daughter of Martha Sofronsky, for medical illnesses from 2011 to 2013. *Exh. A – Woliner Depo Transcript p.105, ln 18-21*.  At each of the office visits with Kenneth Woliner, Mrs. Sofronsky, would accompany her adult daughter. *Exh. B. Proposed Recommended Order, p.4, para.5*.  During the office visits Kenneth Woliner gave patients the option of him taping the appointment on a CD recorder which he kept on his desk.

*Woliner Depo p.33, ln 21-p.34, ln 7*. Patients too could record the office visits themselves. *Id p.3, ln 5-7*.

Mrs. Sofronsky and her daughter would obtain a recording of the office visits from Kenneth Woliner or would tape the visits on their own recording device, per the allowed procedures of Kenneth Woliner. *Woliner Depo, p.101, ln 13-17/ Exh.C. Sofronsky Deposition p 220, ln.19- p.221, ln. 3*.

In February of 2013, the daughter of Mrs. Sofronsky passed away. Subsequent to the death of her daughter, Mrs. Sofronsky contacted Dr. Woliner and was invited to a bereavement consultation at his office in Palm Beach County, the same office that Mrs. Sofronsky had accompanied her daughter to her appointments with Kenneth Woliner. *Woliner Depo, p. 93, ln.8-11*.

On April 29, 2013, Mrs. Sofronsky met with Kenneth Woliner and discussed the passing of her daughter. During this visit Mrs. Sofronsky recorded the conversation as she had done with her daughter on previous visits. Mrs. Sofronsky did not sign any paperwork that explicitly stated that she could record the visit of April 29, 2013, nor did she specifically ask nor inform the Plaintiff or his staff that she would be recording the visit of April 29, 2013. *Sofronsky Deposition p 216, ln.3- p.217, ln. 2*. Similarly, on none of the prior occasions of recording the visits between Mrs. Sofronsky, her adult daughter and Plaintiff did Mrs. Sofronsky or her daughter seek permission. *Sofronsky Depo, p 216, ln. 15 – p. 217, ln. 1*. Mrs. Sofronsky and her daughter believed that based upon Kenneth Woliner's recording of their visits and allowing them to record their visits they were allowed to continue to record the visits. At no time during any visit and specifically on the April 29, 2013, visit did Kenneth Woliner nor his staff instruct the defendant that she was no longer allowed to record.

In May of 2013, the defendant, Martha Sofronsky, submitted a complaint to the Department of Health against Kenneth Woliner and two other doctors that she believed they contributed to the death of her daughter.  Specifically, Mrs. Sofronsky reported to the Department of Health that Kenneth Woliner's iron injections contributed to the death of her daughter.

Subsequent, to making that report Mrs. Sofronsky was advised that the Department of Health was not pursuing an action against Kenneth Woliner.  Mrs. Sofronsky later learned that the Department of Health on their own decided to pursue an action against Kenneth Woliner as to whether he engaged in medical malpractice, *Exhibit D, Second Amended Administrative Complaint, p.6, para. 34*,  failed to keep legible medical records, *Second Amended Administrative Complaint, p.7, para. 38*, exploited a patient for financial, gain, or accepted or performed the professional responsibilities of an oncologist that he knew, or had reason to know, he was not competent to perform, *Second Amended Administrative Complaint, p.9-10, para. 46-47*; and if so, what is the appropriate sanction.

During these proceedings Mrs. Sofronsky was called as a witness for the Department of Health.  During these administrative proceedings the attorney for Kenneth Woliner asked Martha Sofronsky in person and or through the department of health for all medical records.

Mrs. Sofronsky supplied the department of health with a recording of one of the office visits of herself, her daughter and Plaintiff, however, did not provide the recording of the April 29, 2013, office visit.

Mrs. Sofronsky, whom was under no obligation to keep any medical records, *Woliner Depo, p 114, ln 9-11*, did not recall the audio recording of the April 29, 2013, office visit.  In January of 2016, Mrs. Sofronsky contacted the Department of Health and informed them that she

had found an audio recording of a visit with herself and Plaintiff.  *Exhibit E, Summers Interrogatories, p.5-6, question 8*.

During the two-day hearing of February 02, 2016 and February 03, 2016, Mrs. Sofronsky testified briefly as to the interaction between herself, her daughter and Plaintiff.  During this hearing the April 29, 2013, audio recording was played.  The audio recording was played in part during cross examination of Kenneth Woliner for the purposes of refreshing his recollection and/or impeachment.  *Exhibit F, Administrative Hearing, p 311, ln.16-p. 318, ln.7*.  The audio recording was not admitted into evidence.  *Administrative Hearing p. 309, ln. 2-5*.

The attorney for Kenneth Woliner objected to the recording however, the Court noted that there is no evidence to suggest that the recording was obtained unlawfully, rather, there is considerable evidence in the record showing that it was Kenneth Woliner's policy to allow his patients and their family to record appointments and that he had "no problem being audio recorded." There is also evidence that Respondent's audio-recording policy includes letting "people use their smartphone or my audio CD burner to record their sessions."

After the two-day hearing was concluded, the April 29, 2013, recording was given back to Mrs. Sofronsky. *Exhibit G, St. Laurent Deposition, p.50, ln.5.*  Mrs. Sofronsky was so upset from having to relive and testify as to her daughter's death that she does not recall what happened to the audio recording and after several diligent searches has been unable to find the recording device.

Kenneth Woliner's medical license after several appeals, re-hearings and objections was ultimately revoked and he is no longer able to pursue the practice of medicine. *Exhibit H, First DCA Opinion File 08/28/2017 / Exhibit I, Final Order Board of Medicine.*

# LEGAL ARGUMENT

## I. COUNT I

### NO EXPECTAION OF PRIVACY

In order for the Plaintiff to be successful on his claim of illegal interception and use of oral communication, the plaintiff must establish that there was an expectation of privacy at the time the recording was made. Florida Statutes 934.03, states in part:

> 1) Except as otherwise specifically provided in this chapter, any person who:
>
> a) Intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire, oral, or electronic communication;                                                                                           ...
>
> c) Intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection; ... shall be punished as provided in subsection (4).

Section 934.02 further defines "oral communication" as

> "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation and does not mean any public oral communication uttered at a public meeting or any electronic communication."

Section 934.03, upon which 934.10 creates a civil cause of action, does not refer to all communication, but rather specifically limits the statute to apply to circumstances where there is an "expectation of privacy." See McDonough v Fernandez-Rundle, 862 F.3d 1314 (11th Cir. 2017) at 1319. Thus in order for conduct to be illegal under the statute there must be an expectation of privacy.

The Court in <u>McDonough</u>, *id at 1320*, stated that in evaluating whether there is an expectation of privacy the circumstances must justify an expectation of privacy, that if no privacy-related ground rules were established in advance of a meeting, then circumstances could justify that an expectation of privacy does not exist.

In the instant matter before the Court, the Plaintiff routinely recorded his visits with his patients and their family members. Plaintiff allowed patients and their family members to record their own visits with him at his office. Plaintiff did not withdraw this consent to record, nor did Plaintiff do anything to indicate to Mrs. Sofronsky that despite that all the other visits were recorded this visit was not allowed to be recorded. Given the circumstances of this particular case there is nothing that would indicate that an expectation of privacy existed.

The Court must reach the conclusion that since there is no expectation of privacy, the recording of April 29, 2013, falls outside the definition of oral communication in section 943.02, and Mrs. Sofronsky did therefore, <u>not</u> violate sections 943.03 and 943.10 of Florida Statutes.

Further, in addition to an actual subjective expectation of privacy there must also be a societal recognition that the expectation is reasonable. See <u>Cohen Brothers, LLC v ME Corp, SA</u>., 872 So.2d 321 (Fla 3d DCA 2004). Florida Courts have held that where the recordings were made at a person's place of business rather than their home there is less of an expectation of privacy in the private office; that society is not willing to recognize or protect an expectation of privacy in a private office. See <u>Morningstar v State</u>, 428 So.2d 220 at 221 (Fla. 1982) (In <u>Morningstar</u>, id, the Court found that the one-sided interception of communication by means of a body bug was admissible).

As a matter of law, summary judgment must be entered in favor of Defendant Sofronsky regarding Count I of Plaintiff's complaint, the illegal interception and use of oral communication, as there was no expectation of privacy when the recordings were made as such the recordings do not fall under Florida Statute 934.03 and 934.10.

## II. COUNT IV

### NO OUTRAGEOUS CONDUCT

Count IV of Plaintiff's complaint alleges that Defendant Sofronsky engaged in outrageous conduct to deliberately or recklessly inflict mental suffering. Plaintiff claims that during his disciplinary hearing the use of expert witnesses, the use of the recording at his trial and the failure to keep the recording after his trial caused his emotional distress. In order to prove a claim for intentional infliction of emotional distress a litigant must show that:

> 1) The wrongdoer's conduct was intentional or reckless, that is, he intended his behavior when he knew or should have known that emotional distress would likely result;
>
> (2) the conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community;
>
> (3) the conduct caused emotional distress; and
>
> (4) the emotional distress was severe.

See Deauville Hotel Management, LLC, v Ward, 219 So.3d 954 at 954-955(Fla. 3d DCA 2017). The Deauville Court stated that for "one's actions to rise to the level of intentional infliction of emotional distress, it must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id at 954. It is not "enough that the defendant has acted with an intent

which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." Id at 954.  In other words, even purposeful conduct that one knows is going to hurt another is not outrageous enough to support a claim.  Id. The question of whether one's conduct can be classified as "outrageous, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community," is a question of law.  Id at 954.

In the instant case, Mrs. Sofronsky, merely made a report to the department of health that she believed that Kenneth Woliner contributed to the death of her daughter by means of an iron injection.  The department declined to bring an action based upon the claim of Mrs. Sofronsky, rather they independently brought an action against Plaintiff based upon their review of the facts of the case.  The recording done by Mrs. Sofronsky had no bearing on the decision to bring a claim and was presented to the Department of Health when Mrs. Sofronsky found it.   There is nothing that would allow the legal conclusion that any action done by Mrs. Sofronsky was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

As a matter of law, summary judgment must be entered in favor of Defendant Sofronsky regarding Count IV of Plaintiff's complaint, the intentional infliction of emotional distress.

## CONCLUSION

As a matter of law summary judgment is appropriate when there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law.  As to both the counts which the Plaintiff has brought against the Defendant Martha Sofronsky, there is no

evidence upon which a reasonable jury could find against the Defendant. Summary Judgment should be granted in favor of the Defendant as to all Counts against the defendant.

Dated: January 14, 2019

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 14, 2018, I electronically filed the foregoing document with the Clerk of Court using its CM/ECF system, and sent a copy via email to the parties listed below:

Kenneth Wolimer, M.D.,
23086 Island View Drive, #6,
Boca Raton, Florida 33433,
knw6@cornell.edu.
Pro Se Plaintiff

James O. Williams, Jr., Esq
Jessica R. Butler, Esq.
11300 US Highway One, Suite 300
North Palm Beach, Florida 33408
eservice@wlclaw.com

Respectfully submitted,

By: /S/ Broderick L. Taylor
Broderick L. Taylor, Esq.
Florida Bar No. 0648574
1806 N. Flamingo Road, Suite 322
Pembroke Pines, FL 33028
(954) 289-1614 Tel.
(954) 790 -6732 Fax
broderick@TheTLGroup.com