IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-80305-WPD

KENNETH WOLINER, M.D.

    Plaintiff,

        v.

MARTHA SOFRONSKY, KRISTEN
SUMMERS, LOUISE WILHITE ST. LAURENT,
and LUCY GEE.

    Defendants.

_____/

**<u>DEFENDANTS, KRISTEN SUMMERS, LOUISE ST. LAURENT AND LUCY GEE'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO THEIR MOTION FOR SUMMARY JUDGMENT [DE 152]</u>**

COME NOW, the Defendants, KRISTEN SUMMERS ("Summers"), LOUISE ST. LAURENT ("St. Laurent"), and Lucy Gee ("Gee") (collectively "the Defendants"), by and through undersigned counsel, and hereby file their Reply to Plaintiff's Response in Opposition to their Motion for Final Summary Judgment [DE 152]. In support thereof, Defendants state the following:

**<u>INTRODUCTION</u>**

Defendants' Motion for Summary Judgment should be granted. Plaintiff has failed to establish any dispute of *material facts*. Many of Plaintiff's "disputed facts" are not supported by citations to record evidence or reference emails and testimony which do not actually support the position he asserts. Plaintiff's own speculation is legally insufficient to create a genuine issue of fact. *Cordoba v. Dillards,* 470 F. App'x 797 (11th Cir. 2012). Further, Plaintiff confuses the burden for summary judgment for a First Amendment retaliation claim under § 1983 with the

*McDonnell-Douglas*[1] burden shifting framework used in the context of employment discrimination cases.

## REPLY IN SUPPORT OF STATEMENT OF FACTS [2]

2. Plaintiff's cited testimony does not dispute the fact that Gee is not an attorney, nor that she has no supervisory relationship to Summers or St. Laurent. Prosecution Services Unit attorneys are solely supervised by general counsel. Exhibit 1, St. Laurent Depo. at 17:1-8.

5. Plaintiff does not dispute a material fact.

13. Whether S.S. actually used her own device to record Plaintiff is immaterial. Defendants cite to this fact to show they were on notice that Plaintiff recorded his patients and that they were informed that S.S. used her MP3 recorder to record Plaintiff's sessions. See DE 147 at Exhibit E, Ricciardi Depo at 14:13-15:1; DE 147 at Exhibit F, Sofronsky Depo. at 220:19-221:3. Plaintiff does not dispute that he had a regular practice of recording his sessions.

14. Plaintiff does not dispute he recorded three sessions with S.S. Plaintiff provides additional facts to argue these recordings were done by C.D. only. This point is immaterial as to whether St. Laurent and Summers had notice that the recording was nonconsensual. Plaintiff's own deposition testimony during his underlying prosecution describes other recording devices as permissible:

> Q: Can you just go through ---you get a new patient, what is your intake process, and who are the people involved in that?
>
> **A: …In my office, I start off by saying that I have no problem being audio recorded. And I let people either use their smartphone or my audio CD burner to record their session.**

---

[1] *McDonnell Douglas Corp. v .Green,* 411 U.S. 792 (1978).

[2] Plaintiff's response to Defendants' statement of facts does not comport with the requirements of S.D. Loc. R. 56.1. Plaintiff sets forth additional facts in the body of the motion and not and the end of the opposing party's statement of material facts, as specified under S.D. Loc. R. 56.1(a). This causes great confusion in determining these so called "disputed facts" and responding to Plaintiff's statement of the facts. Any additional facts cited by Plaintiff should be struck for this reason. Further, it appears that the facts Plaintiff cites to as disputed are appended to his motion as an exhibit in order to avoid the twenty page limit. The response to the statement of material facts should also be struck for that reason.

        Exhibit 2, Plaintiff Depo. at 20:12-22:20; *See also* 30:7-31:26.[3]

15. Plaintiff does not dispute a material fact. Plaintiff provides additional facts which describes the process for his audio recordings as requiring payment. Regardless of what Plaintiff purports the policy to be now, at the time of his prosecution Plaintiff and his wife both testified that the recordings could be done on a patient's smartphone. *Id.*; DE 147 at Exhibit E, Ricciardi Depo at 14:13-15:1. Summers and St. Laurent attended these depositions. Exhibit 2, Plaintiff Depo. at pg. 2.

16. This statement is belied by Plaintiff's testimony regarding his recording practices as cited above. Regardless of his practice in actuality, this is the only testimony Summers and St. Laurent would be aware of during Plaintiff's trial in February of 2016.

17. Plaintiff does not dispute that the Board of Medicine found probable cause. Plaintiff provides additional argument as to whether he believes the probable cause finding was based on legitimate evidence. There is no evidence that Summers ever intentionally misrepresented material facts to the board. Exhibit 3 Summers Depo. at. 101:11-15. The facts cited to by Plaintiff do not dispute the Board of Medicine finding.

22. Plaintiff's opportunity to conduct discovery and file pre-trial motions is reflected in the DOAH progress docket. This is a legal document from Plaintiff's record on appeal and it speaks for itself. Plaintiff cites to additional information which is immaterial and does not dispute this fact.

25. Plaintiff's objection to the best evidence rule under FRE 1002 is meritless. Plaintiff provides additional facts which do not dispute this matter and are immaterial.

26-27. Plaintiff's objection under FRE 1002 is meritless. The contents of the recording are not at issue, only the circumstances in which the Defendants believed the recording was made are relevant.

---

[3] This citation refers to the Deposition of Plaintiff taken on December 3, 2015, by Summers in furtherance of the prosecution of Plaintiff's medical license. This deposition transcript was not originally used in support of Defendants' Motion for Summary Judgment [DE 147]. The transcript should be considered by the Court, however, because it is relevant to directly rebut Plaintiff's claims regarding his recording practices. There is no prejudice to Plaintiff as this exhibit consists of his own testimony. Further, this is not a new argument by the Defendants. Defendants previously argued that Plaintiff permitted recordings to be made on a patient's personal device and provided the testimony of his wife and office manager in support of their Motion for Summary Judgment. Plaintiff had the opportunity to fully address this issue in his response. *See First Specialty Ins. Corp., v. 633 Partners, Ltd.,* 300 F.App'x 777, 787-89 (11th Cir. 2008)(finding that district court did not abuse its discretion in denying request for surreply when defendant relied on testimony from Plaintiff's underlying suit as "new evidence" in their reply).

28. Plaintiff does not dispute that Summers and St. Laurent were aware of his practice of recording his sessions. The additional facts cited by Plaintiff are not material. Plaintiff cites to an email which provides no indication that St. Laurent believed the recording was nonconsensual.

32-36. These facts were taken directly from the record of Plaintiff's trial in his underlying prosecution. The record speaks for itself and Plaintiff's additional explanations cannot dispute these facts.

38. The additional information provided by Plaintiff mischaracterizes St. Laurent's testimony. Additionally, it does not dispute St. Laurent's intentions when she returned the recording to Sofronsky.

39. The additional information by Plaintiff does not dispute the complete lack of record evidence that Summers, St. Laurent, or Gee physically destroyed the recording or instructed Sofronsky to do so. Plaintiff relies on his own supposition of the record evidence and not what the actual record evidence shows.

40. Defendants' Counsel inadvertently attached the incorrect Proposed Recommended Order to the Motion for Summary Judgment. For clarity of the record, the Proposed Recommended Order filed by Plaintiff is attached hereto as Exhibit 4. Plaintiff does not dispute that he hired new counsel or that the order was submitted. The document speaks for itself.

48. These issues were taken directly from Plaintiff's briefings filed during the appeal of his underlying prosecution with the First District Court of Appeal. The documents speak for themselves.

## ARGUMENT

### I. Plaintiff's Practice of Recording Sessions is Undisputed

Plaintiff's response regurgitates the elements of whether a person has a reasonable expectation of privacy for purposes of Fla. Stat. § 934.03. Plaintiff emphasizes case law specific to individuals accused of making an illegal recording. This is not applicable to Summers and St. Laurent who were provided the recording well after it was made. The plain language of the statute required that St. Laurent and Summers "[knew] or had a reason to [know]" that the

information was obtained through the interception of a wire, oral or electronic communication in violation of this subsection [934.03]." Fla. Stat. § 934.03(2)(d)-(e). All of the arguments Plaintiff makes are belied by his own testimony during his prosecution. Plaintiff and his wife, who was his office manager, both testified under oath that he permitted recordings and the recordings could be made on a patient's own device. Summers and St. Laurent were present for this testimony. Due to this representation, there was no reason for Summers and St. Laurent to believe the recording was done in violation of Florida Law. Interestingly, Plaintiff did not claim a change in his recording practices until after his trial, the revocation of his license, and his interest in this lawsuit. None of this additional information was known to the Defendants in February of 2016. While the good faith exception is often an issue for trial, the factual circumstances in *Wood v. State,* 654 So.2d 218 (Fla. 1st DCA 1995) are much different than those presented here, where there is a clear history of consent. Plaintiff has failed to provide any record evidence which ties Gee to the recording and summary judgment must be granted to Gee on this claim as well.

## II. Absolute Immunity

Plaintiff's main argument is that the choice of expert in this case is a ministerial duty. Plaintiff does not cite any case law in support of his position. Plaintiff merely cites to Fla. Stat. § 766.102 which outlines certain requirements for experts in medical negligence and malpractice matters. Further, Summers testified that she did not choose Dr. Powers as an expert for the case, however, after reviewing his opinion, she made the decision to present this testimony to the probable cause panel. See Exhibit 3 Summers Depo. at 15:5-13. The decision to present expert testimony to a fact finder is the exact sort of decision which absolute immunity protects. Further,

Plaintiff ignores Defendant's argument that the use of the recording at trial is protected by absolute immunity and has waived this argument.

### III.    Plaintiff Cannot Establish that Qualified Immunity is Inappropriate

It is Plaintiff's burden to establish that qualified immunity is inappropriate. *Vinyard v. Wilson,* 311 F.3d 1340, 1346 (11th Cir. 1991). Plaintiff has failed to meet this burden. Plaintiff is required to demonstrate that the Defendants violated his clearly established Constitutional rights. The Supreme Court in *District of Columbia v. Wesby,* 138 S. Ct. 577, 590 (2018) recently discussed the clearly established standard. This standard requires a "high degree of specificity." *Id.* In determining whether an officer was placed on notice of clearly established case law, "Public officers need not error on the side of caution. And, they are not obligated to be creative or imaginative in drawing analogies from previously decided cases." *Rodriguez v. Farrell,* 280 F.3d 1341, 1350 (11th Cir. 2002) (quoting *Marsh v. Butler County,* 268 F.3d 1014, 1030 n. 8 (11th Cir. 2001)); *Adams v. St. Lucie County Sheriff's Dep't.*, 962 F.2d 1563, 1575 (11th Cir. 1992). To determine if a right was clearly established, the Court looks to binding precedent of the Supreme Court, the Eleventh Circuit or the highest court of the state. *Id.*

Plaintiff does not cite to any case law at all, let alone Eleventh Circuit precedent, as to put the Defendants on notice that their choice in expert violated his constitutional rights. Plaintiff is unhappy with the choice of expert used by the Department of Health (hereafter "DOH"); however, this does not rise to a constitutional violation by the Defendants. Plaintiff also argues that failure to preserve the recording as a public record violated his clearly established rights. It is clear from Plaintiff's extensive reliance on Florida public records law that he is simply

rehashing his pending claims under the Florida Public Records Act in this forum.[4] Plaintiff cannot to point to any case law to demonstrate these actions by the Defendants violated his clearly established rights. Citations to Florida public records law and DOAH decisions are insufficient.[5] Plaintiff cites to the Seventh Circuit's decision in *Armstrong v. Daily,* 786 F.3d 529, 556 (7th Cir. 2015). This case law is not binding on this Court and is a far cry from the facts of this case. In *Armstrong,* the Seventh Circuit upheld a denial of prosecutor's right to qualified immunity on motion to dismiss. *Id.* at 557. The case involved a prosecutor in a homicide case who was accused of destroying evidence containing valuable DNA which was known to exonerate the plaintiff. *Id.* at 533- 537. The plaintiff remained incarcerated for 29 years as a result. *Id.*

Plaintiff argues that the statute prohibiting the interception of illegal communications alone provides notice that the use of the recording during trial violated his Constitutional rights. *See* Fla. Stat. §§ 934.03, 934.06, 934.10. This is patently insufficient to provide notice to the defendants especially considering the statute requires actual knowledge that the recording was obtained illegally.

Plaintiff failed to demonstrate Summers, St. Laurent, or Gee violated his clearly established constitutional rights. This is his burden. Plaintiff failed to provide record evidence of any involvement by Gee in the prosecution. However, should the Court find that there was a constitutional violation committed by Gee there was no clearly established case law as to put her on notice of the violation.

---

[4] Plaintiff filed a lawsuit against the Department of Health, St. Laurent and other Department of Health employees in the Circuit Court in and for Palm Beach County Florida, Case No. 502017CA013398XXXXMB.

[5] Further, Sections 119.02 and 119.10 of the Florida Public Records Act already speak to the appropriate remedies for violation of the Act, none of which speak to the sort of punitive damages permissible under § 1983 claims.

### IV. Plaintiff Makes Frivolous Arguments to Support his Theory that Gee Violated his First Amendment Rights

Plaintiff purports that there are disputed facts as to his First Amendment Claim in Count II. Plaintiff's only allegation of involvement by Gee in this claim is that she held meetings about him and drafted "talking points." Plaintiff only cites to his own allegations in the Complaint to support this position. He does not present any record evidence as to demonstrate retaliation against him by Gee. Plaintiff speculates that Gee was involved in the opening of his case merely because of her position within DOH. Plaintiff cannot cite to record evidence in support this "disputed fact", because there is no evidence of Gee's involvement. [*See* DE 152 at pg. 11 (1)-(3)]. Plaintiff argues the claim has merit because he has not received records from DOH in response to his subpoena. This is a frivolous argument and the actions of DOH are not attributable to Ms. Gee. Likewise, Plaintiff's argument as to temporal proximity is not supported by any citation to record evidence. Plaintiff cites to his own self-serving "blog" and his supposition of email captions. This is not record evidence and must be disregarded by the Court.[6] Plaintiff also relies on case law for retaliation claims that is specific to employment discrimination only. Plaintiff does not argue that there is evidence to support that Summers or St. Laurent violated his First Amendment rights and appears to have abandoned the claim as to these Defendants.

### V. Plaintiff's "Equal Protection Claim" was Not Properly Plead

For the first time, Plaintiff specifically alleges that Summers violated his rights to equal protection as a "class of one" due to her choice of expert. Plaintiff merely alleged in his Complaint that he had a right not to be deprived of his medical license without equal protection

---

[6] Specifically, Exhibit 20 is a blog by Plaintiff which is hearsay and does not fall under any exception or exclusion. See Fed. R. Evid. 802.

of the law. [DE 1-2 at ¶ 71]. This is legally insufficient to raise an equal protection claim. This argument should be entirely disregarded by the Court as it was never properly plead in the Complaint nor supported by any factual allegations. Even if the Court were to consider the claim, Plaintiff was required to demonstrate that he was treated differently than other medical doctors who were similarly situated to him. *Griffin Industries Inc. v. Irvin,* 496 F.3d 1189, 1203 (11th Cir. 2007). The comparators for this purpose must be prima facie identical in all relevant respects. *Id*. at 1205. Falling to provide key factual details regarding similarly situated comparators is fatal to the claim. *Id.* (citing *GJR Invs., Inc v. County of Escambia,* 132 F.3d 1359, 1367-68 (11th Cir. 1998)). Plaintiff failed to demonstrate any record evidence that he was treated differently to a similarly situated doctor. Plaintiff also failed to demonstrate that qualified immunity is inappropriate as to this claim. Plaintiff appears to have abandoned any due process or equal protection claim as to Gee and St. Laurent. Plaintiff failed to rebut any argument made in Defendant's Motion as to the due process claims.

## VI. Plaintiff Failed to Address the Legal Sufficiency of his Conspiracy Claim

Plaintiff did not provide any record evidence to support a conspiracy on the part of the Defendants. Plaintiff does not even correctly cite to the elements of a section 1985 (3) claim. Plaintiff now alleges that only Summers and St. Laurent were involved in this conspiracy. Thus, any argument as to Gee has been waived. Plaintiff entirely ignores binding precedent which requires that section 1985(3) claims must be based on a showing of class based discrimination. *Childree v. UAP/GA CHEM, Inc.,* 92 F.3d 1140, 1147 (11th Cir. 1996). Plaintiff failed to provide any record evidence of racial basis or motive.

### VII. Intentional Infliction of Emotional Distress

Plaintiff claims that a violation of the Florida Public Records Act rises to the level of extreme or outrageous conduct as required to state a claim for intentional infliction of emotional distress. *Deauville v. Hotel Management, LLC v. Ward,* 219 So. 3d 949, 954-55 (Fla 3d DCA 2017). Plaintiff does not cite to any authority which supports this theory. Plaintiff relies on the fact that a *willful* and *knowing* violation of the Florida public records law can result in the imposition of criminal penalties. Fla. Stat. § 119.10(2) (emphasis added). The fact that an act may be punished criminally does not mean it is automatically considered extreme or outrageous conduct. "*It is not enough that the defendant has acted with an intent which is tortious or even criminal…*" *Id.* (emphasis added).

### VIII. Collateral Estoppel and Res Judicata

Plaintiff argues that in order for collateral estoppel to apply the parties must be identical to each other. This is simply incorrect. Florida Courts will apply collateral estoppel when the parties are in privity with each other. *Pearce v. Sandler,* 219 So. 3d 961, 965 (Fla. 3d DCA 2017); *Mtge, Elec. Registration Sys., Inc v. Badra,* 991 So.2d 1037, 1039 (Fla. 4th DCA 2008). Privity requires only that the party had an interest in the underlying action such that they were bound by the final judgment. *Id.* While Defendants were not named as parties to the underlying prosecution they were the representatives of that prosecution on behalf of the state. The relief Plaintiff seeks here, with the exception of the destruction of the recording, were all litigated in his underlying prosecution and on appeal. These issues include the use of the recording at trial, whether the recording was used illegally, and the appropriate expert for trial. DE 147 at Exhibit A pg. 73:16-77:19 and Exhibits 8 and 9. Plaintiff sought appellate review of these issues and they should not proceed forward here.

10

## CONCLUSION

Plaintiff failed to demonstrate any material disputed fact as to preclude the Defendants from summary judgment on all counts.

WHEREFORE, the Defendants, Summers, St. Laurent, and Gee, respectfully request the Court grant their Motion for Summary Judgment, grant judgment for the Defendants on all counts, retain jurisdiction to impose fees and costs as appropriate, and grant any further relief as this Court deems just.

Dated: February 4, 2019

Respectfully Submitted,

        **s/ James O. Williams**_____
        James O. Williams Jr., Esq.
        (eService@wlclaw.com)
        Florida Bar No. 0614513
        Jessica R. Butler, Esq.
        Florida Bar No. 118586
        Attorney for Defendants Kristen Summers,
        Louise Wilhite St. Laurent, Lucy Gee
        Williams, Leininger & Cosby, P.A.
        11300 US Highway One, Suite 300
        North Palm Beach, Florida 33408
        Telephone No. (561)615-5666
        Facsimile No. (561)615-9606

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 4, 2019, I electronically filed the foregoing document with the Clerk of Court using its CM/ECF system, and sent a copy via email to the parties listed below.

        **s/ James O. Williams**_____
        Florida Bar No. 0614513

**Service List**
Kenneth Woliner, M.D.
12173 Glenmore Dr.
Coral Springs, FL 33071
Knw6@cornell.edu
drwoliner@wolinermd.com
*Pro Se Plaintiff*

Broderick Taylor, Esq.
1806 N. Flamingo Road, Suite 322
Pembroke Pines, FL 33028
Telephone No. (954) 289-1614
Facsimile No. (954) 790-6732
Broderick@theTLGroup.com
*Attorney for Martha Sofronsky*